**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| Seth Steidinger, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Blackstone Medical Services, LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Seth Steidinger (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Defendant Blackstone Medical Services, LLC as follows:

**INTRODUCTION**

1.      Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Blackstone Medical Services, LLC ("Defendant" or "Blackstone").  Defendant placed repeated telemarketing text messages and calls to Plaintiff's telephone – over Plaintiff's request for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2.      Defendant is a Florida-based company that aggressively sells home sleep tests.  It is a sales company, not a healthcare provider.  Its website identifies no physicians or other medical professional on its staff.[1]  Instead, Blackstone employs hundreds of people for positions

---

[1] *See* https://www.blackstonemedicalservices.com/vick-tipnes/ (last visited Feb. 13, 2024); https://www.blackstonemedicalservices.com/about/ (last visited Feb. 13, 2024); https://www.blackstonemedicalservices.com/executives/ (last visited Feb. 13, 2024) (identifying executives as a business consultant, director of sales, general counsel, and HR manager)

such as "Inside Sales Professional" to contact people to sell home sleep tests.[2]

3.    Blackstone operates an aggressive telemarketing campaign where it repeatedly

sends text messages and telephone calls to telephone numbers that have been placed on the

National Do-Not-Call Registry for at least 30 days and over the messaged party's objections in

order to sell home sleep tests.

4.    Indeed, after Plaintiff's telephone number was added to the National Do-Not-Call

Registry and after Plaintiff advised Blackstone he was not interested in its home sleep tests and

repeatedly messaged Blackstone to "STOP," Blackstone continued to place repeated

telemarketing text messages and phone calls encouraging Plaintiff to contact Blackstone and

purchase an at home sleep test (e.g., "Hi, this is Juliana from Blackstone Medical Services! Are

you ready for the Home Sleep test?"; "Hi, we still got your prescription for the sleep apnea test.

We have made several attempts to get a hold of you to set it up. Please call back at 813-708-

7651to schedule. Best regards!").

5.    Plaintiff is not alone.  Other consumers complain about Blackstone's aggressive

telemarketing and failure to abide by 'stop' requests. *See, e.g.,* the following representative Yelp

reviews:[3]

- "This company has been sending me text messages and phone calls at least three times a day about getting a sleep study done. I have expressed that I do NOT want the test done, as I have already gotten it done with another provider. They still continue to send me messages and calls and it is frustrating. It is as if they will not take no as an answer."
- "My doctor referred me for a home sleep study, so they reached out to me. I'll give the doctor the benefit of the doubt that he just enters a referral into a system and doesn't know what company will be fulfilling the order/service. They have been calling and texting

---

[2] *See, e.g.,* https://www.ziprecruiter.com/c/Blackstone-Medical-Services/Job/Inside-Sales-Representative/-in-Tampa,FL?jid=8653af6305b08a6d&utm_campaign=google_jobs_apply&utm_source=google_jobs_apply&utm_medium=organic (Blackton's job posting seeks a "high energy Inside Sales Professional") (last visited Feb. 13, 2024).

[3] https://www.yelp.com/biz/blackstone-medical-services-tampa (last visited Feb. 13, 2024).

multiple times a day for weeks on end. No matter how many times you say 'No', they will pass your info to someone else in their call center to blow up your phone. Unless you can block the entire 813 area code, they have an endless supply of numbers to circumvent your attempt to avoid them."

- "This company will NOT STOP calling and texting us, even though we have repeatedly told them to stop. Every time we block their number they text or call from another number!"

- "This is a very sketchy company. I was curious about doing a sleep study, so heard more information. After reading some bad reviews and discussing it with my doctor, I decided to hold off doing the study. Now I am bombarded with calls/texts asking me if I want to move forward even after telling them I am no longer interested. It's been over a month and I still receive texts from them. They also text from different numbers, so blocking them won't help. Very sketchy and so glad I didn't go with them."

- "This company is the worst. They have consistently harassed me even though I have turned down their services. I blocked their number and they use another number to text. DO NOT give them your number. Do your research, this company is not trustworthy."

6.     Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing text messages and calls from Blackstone, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages and/or telephone calls by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

7.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

8.     The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and received the communications from Defendant that form the basis of his claims within this District.

3

## PARTIES

9.      Plaintiff, Seth Steidinger ("Plaintiff"), is an adult individual residing in Gridley,

Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant, Blackstone Medical Services, LLC ("Defendant"), is a Florida

business entity with a principal place of business at 550 North Reo Street, Suite #250, Tampa,

Florida 33609, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

11.     The National Do-Not-Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

See 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database

administrator." *Id.*

13.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a

private right of action against any entity that initiated more than one such telephone solicitation

within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14.     In addition, the TCPA and implementing regulations prohibit the initiation of any

call for telemarketing purposes to a residential telephone subscriber where the caller does not,

*inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the

date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

15.     Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages

and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217,

1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of

this section are applicable to any person or entity making telephone solicitations or telemarketing

calls to wireless telephone numbers").

<strong><u>FACTUAL ALLEGATIONS</u></strong>

16.     Plaintiff registered his residential cellular telephone number, 217-XXX-6904 (the

"6904 Number") with the National Do-Not-Call Registry on April 18, 2018.

17.     At all relevant times, Plaintiff used the 6904 Number for personal and residential

purposes.

18.     After discussing potentially taking a home sleep test with Plaintiffs' healthcare

provider (who is not Blackstone or a Blackstone employee), Plaintiff began receiving telephone

calls and text messages to his 6904 Number from Blackstone. During his first and only live

conversation with Blackstone, Blackstone told Plaintiff that he could receive a home sleep test

for  $100. Plaintiff replied that he was not interested.  Despite Plaintiff advising Blackstone that

he was not interested in the home sleep test, Blackstone proceeded to send repeated telephone

solicitation text messages and telephone calls to Plaintiff's 6904 Number.

19.     As depicted in the below screenshots, Blackstone's text messages encourage

Plaintiff to contact Blackstone in order to pay for a home sleep test. *See, e.g.*:

5











20.     On repeated occasions – including on October 2, 2023, October 3, 2023, and November 27, 2023 – Plaintiff messaged Defendant "STOP" and "Stop" in order to get Defendant to stop contacting him.

21.     However, despite Plaintiff's unequivocal instructions that Defendant stop all text messages, Defendant continued to place telemarketing text messages and telephone calls to the 6904 Number as recently as January 2024.

22.     Blackstone would also text Plaintiff from different phone numbers after he texted "stop."

23.     Additionally, by repeatedly messaging Blackstone to "STOP" contacting him, Plaintiff terminated any established business relationship that could have existed between the Parties. Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established

business relationship for purposes of telemarketing and telephone solicitation even if

the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

24.     Further, even though Defendant had the ability to program its telephone dialing

systems to honor "STOP" requests immediately, Defendant instead deliberately programmed its

telephone dialing systems to ignore such requests and continue sending telemarketing messages

to consumers for months after receiving a "Stop" request.

25.     None of Defendant's messages to Plaintiff's were for an emergency purpose.

26.     Defendant is not Plaintiff's healthcare provider and never rendered any healthcare

services to Plaintiff.

27.     Plaintiff was damaged by Defendant's unconsented text messages and calls.  In

addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy

was wrongfully invaded, and Plaintiff has become understandably aggravated with having to

deal with the frustration of repeated, unwanted text messages and calls, forcing Plaintiff to divert

attention away from other activities.

## CLASS ACTION ALLEGATIONS

**A.  The Class**

28.     Plaintiff brings this case as a class action on behalf of himself and all others

similarly situated.

29.     Plaintiff represents, and is a member of the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years
prior to the filing of this action (1) were sent text messages and/or telephone calls
by or on behalf of Defendant; (2) more than one time within any 12-month period;
(3) where the person's telephone number had been listed on the National Do Not
Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase
or rental of Defendant's products and/or services; and (5) where either (a)
Defendant did not obtain prior express written consent to message the person or (b)
the called person previously advised Defendant to "STOP" messaging them.

30.      Defendant and its employees or agents are excluded from the Class. Plaintiff does

not know the number of members in the Class but believes the class members number in the

thousands, if not more.  Thus, this matter should be certified as a class action to assist in the

expeditious litigation of this matter.

## B.  Numerosity

31.      Upon information and belief, Defendant placed telemarketing messages and calls

to telephone numbers registered on the National Do-Not-Call List belonging to thousands of

persons throughout the United States where it lacked prior express written consent to place such

messages and calls and/or such persons had previously asked Defendant to cease messaging and

calling them.  The members of the Class, therefore, are believed to be so numerous that joinder

of all members is impracticable.

32.      The exact number and identities of the Class members are unknown at this time

and can only be ascertained through discovery.  Identification of the Class members is a matter

capable of ministerial determination from Defendant's records.

## C.  Common Questions of Law and Fact

33.      There are questions of law and fact common to the Class that predominate over

any questions affecting only individual Class members.  These questions include:

    a.  Whether Defendant's messages and calls to members of the Class were placed
        for telemarketing purposes;

    b.  Whether Defendant can meet its burden of showing it obtained prior express
        written consent to place each telemarketing message and call;

    c.  Whether the messages and calls made to Plaintiff and Class Members violate
        the Do-Not-Call Registry rules and regulations;

d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages and calls to telephone numbers that had previously messaged "Stop";

e. Whether Defendant's conduct was knowing and/or willful;

f. Whether Defendant is liable for damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages and calls to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## D. Typicality

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## E. Protecting the Interests of the Class Members

36. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

## F. Proceeding Via Class Action is Superior and Advisable

37. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of

separate claims against Defendant is small because it is not economically feasible for Class

members to bring individual actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

38.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39.     Plaintiff brings this claim on behalf of himself and the Class.

40.     47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any

telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive

telephone solicitations that is maintained by the Federal Government. Such do-not-

call registrations must be honored indefinitely, or until the registration is cancelled by

the consumer or the telephone number is removed by the database administrator."

41.     47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call

for telemarketing purposes to a residential telephone subscriber unless such person or entity has

instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet the

following minimum standards: . . . Persons or entities making calls for telemarketing purposes

(or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request

within a reasonable time from the date such request is made."

42.     The TCPA provides a private right of action to "A person who has received more

than one telephone call within any 12-month period by or on behalf of the same entity in

violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

12

43.    Defendant initiated more than one telephone solicitation text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

44.    Each of the aforementioned messages and calls by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

45.    In addition, Defendant initiated more than one telephone telemarketing text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

46.    Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

47.    Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

48.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

49.    Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation text and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant

times; and

- Defendant initiated more than one telephone telemarketing text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

**COUNT II**
**Willful Violations of the Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

50.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51.     Plaintiff brings this claim on behalf of himself and the Class.

52.     Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

53.     In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages and calls to consumers after receiving a "Stop" request.  Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

14

54.     Each of the aforementioned messages and/or calls by Defendant constitutes a knowing and willful violation of the TCPA.

55.     Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message and call sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

56.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

57.     Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message and/or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-

15

call request to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as

follows:

A.  Injunctive relief prohibiting such violation of the TCPA by Defendant in the

   future;

B.  Statutory damages of $500.00 for each and every text message in violation of the

   TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C.  Treble damages of up to $1,5000.00 for each and every text message in willful

   and/or knowing  violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C)

D.  An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 14, 2024

Respectfully submitted,

By __/s/ Sergei Lemberg_____
   Sergei Lemberg
   LEMBERG LAW, L.L.C.
   43 Danbury Road, 3rd Floor
   Wilton, CT 06897
   Telephone: (203) 653-2250
   Facsimile:  (203) 653-3424

   *Attorneys for Plaintiff*