# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| Seth Steidinger and Natasha Koller, *on behalf of themselves and all others similarly situated,* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-01074-JBM-JEH |
| Blackstone Medical Services, LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT BLACKSTONE MEDICAL SERVICES, LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RULES 12(b)(6) AND 12(f) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, BLACKSTONE MEDICAL SERVICES, LLC (Blackstone), pursuant to Local Rule 7.1, files its Reply Memorandum of Law in Support of its Rules 12(b)(6) and 12(f) Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (FAC) [ECF 6] filed by Plaintiffs Seth Steidinger and Natasha Koller on April 5, 2024, and in support states:

## I. Plaintiffs Fail to Adequately Explain Why the FAC Is Not a "Shotgun" Pleading.

Blackstone raised three distinct grounds for why the FAC is an impermissible "shotgun" pleading that should be dismissed: (1) each count incorporated every previous count, having the result of mixing together all allegations for each claim within every count, (2) distinct claims for relief are not separated into distinct counts, and (3) it is impossible to tell which plaintiffs, on behalf of which classes, bring which counts. [ECF 10, at 5–6.]

Plaintiffs attempt to explain away these deficiencies by claiming that "[n]early every fact pled is relevant to each count." [ECF 12, at 15.] But this statement only highlights the FAC's deficiency because it reveals that Plaintiffs cannot argue that every fact they wholesale incorporate into each of the five counts "is relevant" to that specific count. For example, Plaintiffs incorporate

**EXHIBIT 1**

all the preceding 91 paragraphs into Count I, including facts relating to both Steidinger and Koller, which seeks to impose liability on Blackstone under two theories of TCPA liability and establish two distinct classes: (i) an Internal Do Not Call List Class; and (ii) a Do Not Call Registry Class. While one of those proposed classes include both Steidinger and Koller as representatives, the other does not. At paragraph 8, Plaintiffs plead that only Steidinger seeks to represent the Do Not Call Registry Class. Thus, all facts concerning Koller, pled by incorporation into Count I, are wholly irrelevant to Blackstone's liability for the Do Not Call Registry Class. The same deficiencies are found in Count II.

As another example, Plaintiffs incorporate all the preceding 131 paragraphs into Count V, the claim for violation of the Florida Telephone Solicitation Act, including those relating to Steidinger. Plaintiffs plead this incorporation even though, at paragraph 11, Plaintiffs identify Steidinger as an adult residing in Illinois and, at paragraph 80, plead a class definition that limits the FTSA Class to "[a]ll persons within the State of Florida." Thus, at a minimum, none of the myriad of facts pled in paragraphs 11 & 36-47 concerning Steidinger could possibly concern Count V—yet Plaintiffs incorporate each of them by reference.

Furthermore, in tacit acknowledgement of the deficiencies in the FAC, Plaintiffs withdrew Count III, which Blackstone argued sought to impose liability under a federal statute not referenced by name in the FAC. [ECF 12, at 2 n.1.] Notwithstanding that "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss," Blackstone asks that the Court grant Plaintiff's request and dismiss Count III with prejudice. *Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012); *see Aronson v. Chase Bank USA, N.A.*, 2011 WL 9599 (W.D. Pa. Jan. 3, 2011) (dismissing claim with prejudice withdrawn in opposition to motion to dismiss).

Plaintiffs also offer no satisfactory response to Blackstone's argument that the FAC

impermissibly pleads multiple theories of TCPA liability, with different requirements of proof, different elements, and different prerequisites within each of Count I and II.

Finally, Plaintiffs contend that because Blackstone was able to file a motion to dismiss challenging the FAC, it must not be an impermissible shotgun pleading. But this argument seeks to reverse the burdens of Rules 8 and 10(b) by placing them on Blackstone, and rewards "kitchen sink" pleadings. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

Thus, the FAC is an impermissible shotgun pleading, and should be dismissed.

**II.    The Language in the Text Messages Refutes Plaintiffs' Characterization.**

To avoid dismissal, Plaintiffs attempt to characterize the alleged text messages as "encourag[ing] the purchase of Blackstone's services" and part of a "larger marketing, or profit-seeking, scheme." [*See, e.g.*, ECF 12, at 11.] However, the plain language of the text messages pasted into the FAC make clear that the messages were for the specific purpose of filling a particular prescription, not for the purpose of encouraging the sale of goods or services.

Plaintiffs argue that Blackstone "encouraged the purchase of goods or services" because Blackstone's alleged text messages were only a "pretext" to "expose[ Plaintiff] to further solicitations" as part of a "larger marketing scheme." [ECF 12, at 12.] Specifically, Plaintiffs cite *Fiorarancio*, *Whittaker*, and *Abboud*, for the proposition that Blackstone's initial call to Plaintiffs is part of a larger marketing scheme because Blackstone intended to make "further solicitations or advertisements." [*See id.*] However, Plaintiffs allege nothing to support their contention that Blackstone intended to sell them anything other than a doctor-prescribed sleep study, which Plaintiffs, through their physician-agents, ***specifically requested*** from Blackstone. Because the alleged text messages were for the purposes of filling a prescription, not part of a "larger marketing scheme," they are not subject to the TCPA or FTSA.

### III. Plaintiffs Consented to Receiving Some of the Alleged Text Messages

Plaintiffs argue that their consent to Blackstone is inadequate because (1) the consent for their Do-Not-Call Registry ("DNC Registry") claims was not written, citing to 47 C.F.R. § 64.1200(c)(2)(ii), and (2) their Internal Do-Not-Call List ("Internal DNC") claims do not have an exception to consented messages.[1]

But the exception provided by Section 64.1200(c)(2) presupposes that the plaintiffs can prove that the alleged text messages are "telephone solicitations," as defined by Congress in the TCPA. In § 227(a)(4), "telephone solicitations" expressly exclude any message "to any person with that person's prior express invitation or permission." Thus, there is no requirement in the TCPA that such invitation or permission be written.

Second, courts have recognized a consent defense to Internal DNC claims because there is "[a] substantial body of case law applying this defense in other TCPA contexts, such as in junk fax cases and on national do-not-call list claims." *Hossfeld v. Allstate Ins. Co.*, 2024 WL 1328651, at \*11 (N.D. Ill. Mar. 28, 2024); *see Johansen v. Efinancial LLC*, 2021 WL 7161969, at \*10–\*11 (W.D. Wash. June 11, 2021) ("The ***consent*** received by [the caller] for that telephone call ***negated any need for it to check its internal do-not-call list***." (emphasis added)). Plaintiffs fail to adequately rebut this case law.

### IV. Plaintiffs Fail to Rebut Blackstone's Arguments Regarding The Opt-Out Class.

To bring an Opt-Out claim, Plaintiffs must allege that Blackstone used an "artificial or prerecorded voice"—which Plaintiffs did not allege and fail to address in their Response. *See* 47

---

[1] Plaintiffs also argue that Blackstone cannot raise Plaintiffs' consent as a defense because it is an affirmative defense. However, because the defense arises on the face of the FAC, it is proper for this Court's consideration. *See Dolemba v. Kelly Servs., Inc.*, 2017 WL 429572, at \*2–\*4 (N.D. Ill. Jan. 31, 2017) (dismissing with prejudice a TCPA claim because the defense of consent appeared on the face of the complaint, and amendment would be futile).

C.F.R. § 64.1200(b).

**V.    Plaintiffs Fail to Rebut that Some of the Alleged Text Messages are Excepted under the Healthcare and Emergency Purposes Exceptions.**

Plaintiffs argue that the "health care purposes" exception does not apply to the Opt-Out claims or the Internal DNC claims because Blackstone does not have an "established health care treatment relationship" with Plaintiffs. [ECF 12, at 21.] However, Plaintiffs misconstrue the case law. Blackstone does not need to have any existing relationship with Plaintiffs. Instead, Blackstone only needs to send a text message that "is made by *or on behalf of* a health care provider to a patient with whom she has an established health care treatment relationship." *Sullivan v. All Web Leads, Inc.*, 2017 WL 2378079, at \*3-\*4 (N.D. Ill. June 1, 2017) (emphasis added).

Plaintiffs also argue that there is no "categorical rule that all prescription calls fall within the emergency purpose exemption." [ECF 12, at 23.] However, Plaintiffs provide no reason why text messages about a prescription for a sleep study is not an "emergency purpose." Accordingly, the alleged text messages fall within the "emergency purposes" exception.

**VI.    Koller Has Not Alleged that She Is a "Consumer" Under the FTSA.**

Koller offers no response that she failed to plead she is a "consumer" as defined by the FTSA other than to argue that Blackstone attempted to contact her regarding a sleep study. Blackstone's actions, alone, are insufficient to give Koller the status of "consumer" under the FTSA. A "consumer" is defined as an "*actual or prospective* purchaser, lessee, or recipient." Fla. Stat. § 501.059(1)(b) (emphasis added). Thus, Koller must plausibly allege that she *actually purchased* or was *actively seeking* (i.e., "prospective") a sleep study from Blackstone.

**VII.   Plaintiffs Cannot Seek Attorneys' Fees in this Court.**

Plaintiffs fail to rebut controlling Seventh Circuit case law cited by Blackstone wherein Judge Easterbrook declined to affirm distributions to TCPA class members that would in effect

shift the class's legal fees to the defendant in violation of the American Rule. *Holtzman v. Turza*, 828 F. 3d 606, 609 (7th Cir. 2016). Accordingly, and because the TCPA does not allow for attorneys' fees, Plaintiffs' demand for attorneys' fees should be stricken.

BLACKSTONE MEDICAL SERVICES, LLC

By: ___s/ John P. Heil, Jr.___
John P. Heil, Jr. #6237286
Andrew E. Bell #
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd.
P.O. Box 6199
Peoria, IL 61602
Phone: (309) 676-0400
Fax: (309) 420-0402
jheil@heylroyster.com

Traci H. Rollins, Esq.
Florida Bar No. 769071
Stephen C. Richman, Esq.
Florida Bar No. 1015692
Ryan Childress, Esq.
Florida Bar No. 1049623
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500
West Palm Beach, FL 33401
Phone: (561) 655-1980
Fax: (561) 655-5677
trollins@gunster.com
srichman@gunster.com
rchildress@gunster.com
*Court membership applications pending*