**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| Seth Steidinger and Natasha Koller, *on behalf of themselves and all others similarly situated,* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-01074-JBM |
| Blackstone Medical Services, LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT BLACKSTONE MEDICAL SERVICES, LLC'S
<u>UNOPPOSED MOTION TO CONSOLIDATE ACTIONS</u>**

Defendant, BLACKSTONE MEDICAL SERVICES, LLC ("Blackstone"), moves under Fed. R. Civ. P. 42 and C.D. Ill. Civ LR 42.1 to consolidate into this action, which is the first-filed action, for all purposes, the case of *Jones v Blackstone Medical Services, LLC*, Case No. 1:24-cv-01456-JBM currently pending in the United States District Court, Central District of Illinois, Peoria Division (the "Jones Case").

Consolidation is appropriate because both this action and the Jones Case: (i) are against the same sole defendant, Blackstone; (ii) are based on the same causes of action; (iii) assert the same and/or overlapping allegations and claims; (iv) seek to represent the same and/or overlapping putative nationwide classes and subclasses of persons; and (v) request the same statutory relief. Plaintiffs in this action do not oppose the consolidation of the Jones Case into this case for all purposes. Given the common factual background and common claims asserted on behalf of nationwide putative classes, consolidation will streamline the cases and save resources for both the Court and the parties.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

1. Defendant Blackstone is a medical device health care provider specializing in home sleep tests.

2. Plaintiffs Seth Steidinger and Natasha Koller were referred to Blackstone by their respective physicians for home sleep tests. Plaintiff in the Jones Case, Joseph Jones, was similarly referred to Blackstone for a home sleep test by his physician.

3. Plaintiff Seth Steidinger initiated this case on February 14, 2024. An amended complaint was filed on April 5, 2024 adding Plaintiff Natasha Koller. Plaintiffs Seth Steidinger and Natasha Koller, on behalf of a putative nationwide class, seek damages against Blackstone for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and its Florida counterpart, the Florida Telephone Solicitation Act, *Fla. Stat*. § 501.059(5) ("FTSA"), premised on Blackstone's text and telephone communications with Plaintiffs.

4. Plaintiff in the Jones Case, Joseph Jones, was similarly referred to Blackstone for a home sleep test by his physician.

5. Plaintiff in the Jones Case, Joseph Jones, on behalf of a putative nationwide class, similarly brings claims against Blackstone for alleged violation of the TCPA and FTSA, premised on Blackstone's text and telephone communications with him. The Jones Case was filed on May 28, 2024 in the United States District Court for the Middle District to Florida. Blackstone thereafter moved to stay or transfer the Jones Case given the pendency of the first-filed Steidinger Case. On November 11, 2024, the judge in Florida presiding over the Jones Case granted Blackstone's motion and transferred the Jones Case to the Central District of Illinois.

6.    Both this action and the Jones Case are in the earliest stages of litigation. Blackstone has not answered in either case.

LEGAL STANDARD AND ARGUMENT

7.    Blackstone seeks consolidation of the Jones Case with this  first-filed case to conserve economic and judicial resources and promote the orderly and efficient disposition of both cases.

8.    Rule 42 provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42.

9.    "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Snyder v. Trihydro Corp.*, No. 3:23-cv-3152-NJR, 2024 WL 4381326, at *1 (S.D. Ill. Oct. 3, 2024) (citing *Hall v. Hall*, 584 U.S. 59, 77 (2018)). "In exercising that discretion, the Court should consider 'the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.'" *U.S. Bank Nat'l. Ass'n v. Springfield Prairie Prop., LLC*, No. 3:15-cv-3199, 2015 WL 13333510 at *1 (C. D. Ill. Dec. 16, 2015).

10.    The underlying purpose of a Rule 42(a) consolidation is the promotion of judicial efficiency, so long as prejudice caused to any party does not outweigh such efficiency. *Snyder*, 2024 WL 4381326, at *1.

11.    In *Snyder*, the court found that it would promote judicial economy to consolidate cases, particularly since "[t]he cases involve common issues of law and fact, and each complaint contains nearly identical operative facts and allegations. . . . Furthermore, both cases are in the

beginning phases of discovery, which will necessarily overlap in each case. In light of the commonality between these two cases and the involvement of the same plaintiff and related defendants, it would be a waste of resources—especially judicial resources and the parties' resources—to proceed separately." *Id.*

12. Here as well, the legal claims asserted by each plaintiff are substantially similar. Cases need not involve a precisely identical set of factual questions for consolidation to be proper—particularly when both cases involve a shared central factual question. *U.S. Bank Nat'l. Ass'n*, 2015 WL 13333510 at *3. The claims asserted here are made on a class-wide basis, on behalf of similarly defined classes, against the same defendant. Plaintiffs' claims will rise or fall together, and consolidation will cause no delay or prejudice any party. As such, common questions of law pervade these cases. Absent consolidation, it is possible multiple overlapping classes could be certified which may lead to Blackstone being responsible for more than one judgment for the same class. The potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications. *See Slezak v. Indep. Courier Servs., Inc.*, Nos. 12-cv-1477, 13-cv-1037, 2013 WL 442772, at *1 (C.D. Ill. Feb. 5, 2013) ("The questions of law and fact are virtually identical in both cases. Consolidation of these trials will certainly serve the goals of judicial efficiency and the avoidance of inconsistent verdicts. Both cases are in the very early stages of litigation. It appears no delay or complications will arise from consolidation of these cases.")

13. This was recognized by the original court in the Jones Case, the United States District Court for the Middle District of Florida, which on November 11, 2024, issued an Order transferring the Jones Case to the Central District of Illinois. A copy of the Order is attached hereto as **Exhibit 1**.

14. If different courts were to reach different conclusions on key issues such as the application of the TCPA to Blackstone's actions, such inconsistency would result in confusion and increased expense to the detriment of all parties. Consideration of these issues under a consolidated proceeding eliminates duplicative trials involving the same core set of facts and questions of law.

15. Consolidation will not deprive any party of substantive rights. Each plaintiff, putative class member, and Blackstone will receive the same rights and treatment as if the Jones Case was not consolidated. Further, the length of time and potential outlay of expenses required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.

WHEREFORE, Blackstone respectfully requests the Court grant this Motion and order that the Jones Case be consolidated with this action, and that the Court grant such other relief as is just and proper.

Date: December 23, 2024

BLACKSTONE MEDICAL SERVICES, LLC

By:    /s/ John P. Heil, Jr.
John P. Heil, Jr. #6237286
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61602
Phone: (309) 676-0400
Fax: (309) 420-0402
jheil@heylroyster.com

Traci H. Rollins, Esq. (*pro hac vice*)
Florida Bar No. 769071
Ryan Childress, Esq. (*pro hac vice*)
Florida Bar No. 1049623
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500

West Palm Beach, Florida 33401
Phone: (561) 655-1980
Fax: (561) 655-5677
trollins@gunster.com
srichman@gunster.com
rchildress@gunster.com
***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 23, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    /s/ John P. Heil, Jr.    

45207698.1