**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

Seth Steidinger et al.,                                      Case No. 1:24-cv-01074-JBM

               Plaintiffs,

v.

Blackstone Medical Services, LLC,

               Defendant.

_____ /

**PLAINTIFF'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**
**PURSUANT TO FED. R. CIV. P. 23(g)**

Plaintiff Joseph Jones, individually and on behalf of all others similarly situated ("Plaintiff") hereby moves this Court for an Order pursuant to Fed. R. Civ. P. 23(g)(3) appointing Kazerouni Law Group, APC as Interim Class Counsel for the Plaintiffs and putative Class and Subclasses.

**I.      INTRODUCTION**

As set forth in more detail below, and in the materials submitted with this Motion, Kazerouni Law Group, APC ("KLG" or "Proposed Interim Class Counsel") is an experienced law firm with proficiency in consumer class actions in state and federal courts throughout the nation. Specifically, Abbas Kazerounian—a founding partner of KLG—is well-known for his expertise of the Telephone Consumer Protection Act. His respective law firm has the resources and commitment necessary to efficiently prosecute this case on behalf of the proposed class and subclasses. As KLG has already begun and received discovery, KLG is uniquely positioned to lead this litigation for Plaintiffs and the proposed class and subclasses.

The early designation of KLG as Interim Class Counsel is warranted here due to the large volume of affected consumers, and to concentrate decision making and authority to act on behalf

1

of Plaintiffs. By exercising its authority under Rule 23(g)(3) to appoint KLG as Interim Class Counsel, this Court will promote the fair and efficient resolution of this significant controversy.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

On May 28, 2024, Plaintiff Joseph Jones filed his Complaint against Defendant in the Middle District of Florida. *See Jones v. Blackstone Medical Services, LLC*, 6:24-cv-00986 (M.D. Fla. 2024). The Complaint alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Florida Telephone Solicitation Act, Fla. Stat § 501.059. *Id*. at Dkt. 1. The factual allegations, like those here, alleged that Defendant sent Plaintiff Jones numerous text messages advertising a sleep study despite his explicit requests for them to stop. *See generally id*.

After Plaintiff filed his Complaint, Counsel for Steidinger and Koller sent Counsel for Jones an email asking that Jones withdraw his claims. *See* Declaration of Ryan L. McBride ("McBride Decl.") ¶ 10. Seeing that both parties were at essentially the same stage of litigation at the time, Counsel for Jones declined to withdraw the claims, but requested that the parties work together in the litigation. *Id*. Counsel for Steidinger and Koller did not respond to Counsel for Jones.  *Id*. Counsel for Jones reached out two additional times to Counsel for Steidinger and Koller on July 24, 2024 and December 13, 2024, but was ignored. *Id*. ¶¶ 11-12. In the meantime, counsel for Jones served discovery, received responses from Defendant, and proceeded to meet and confer on Defendant's responses. *Id*. ¶ 13. Thus, the Jones case appears to be significantly ahead of the Steidinger and Koller cases. *Id*. ¶ 14.

The parties completed briefing on a Motion to Stay, and a Motion Dismiss. *Jones*, 6:24-cv-00986 (M.D. Fla. 2024), Dkt. 26, 32, 36, 37. Furthermore, Counsel for Jones served discovery on Defendant, received responses back, and proceeded to meet and confer on Defendant's responses. *See* McBride Decl. ¶ 13.

On November 12, 2024, the Middle District of Florida transferred the *Jones* action to the Central District of Illinois. *See Jones*, 6:24-cv-00986, Dkt. 39. On December 12, 2024, Defendant filed its Motion to Consolidate the *Jones* action with Steidinger and Koller. Plaintiff Joseph Jones filed his non-opposition to the Motion to Consolidate and the Court consolidated the actions on January 7, 2025.

## III. ARGUMENT

### A. The Court Should Appoint Kazerouni Law Group as Interim Lead Counsel

Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Appointing interim class counsel is particularly appropriate in situations such as this, where overlapping class suits are pending. *See* Manual for Complex Litigation (Fourth) (MCL), § 21.11 (explaining that appointing interim class counsel during the period before class certification is decided is appropriate in situations involving multiple overlapping putative class actions). Early appointments are beneficial in complex cases because they "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *See* MCL, § 21.11; *see also Bailey v. OSF Healthcare Sys.*, 2017 U.S. Dist. LEXIS 41800, at *19-20 (C.D. Ill. Mar. 23, 2017) (suggesting a need to appoint interim lead counsel "when multiple attorneys seek the role in a single case.").

Fed. R. Civ. P. 23(g) lists four factors that courts should consider when selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the

resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, each of the Rule 23(g) factors supports appointing Kazerouni Law Group, APC, as Interim Class Counsel.

### 1. Proposed Interim Class Counsel Have Performed Substantial Work Investigating This Action

Fed. R. Civ. P. 23(g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Class Counsel has already conducted significant investigatory work including discovery requests and multiple meetings with Defendant's counsel. *See* Declaration of Ryan L. McBride ("McBride Decl."). ¶¶ 9, 13-14. Additionally, KLG interviewed consumers around the country as to Defendant's alleged conduct, researched potential claims under federal and state laws, drafted a complaint, and responded to applicable motions within the originally filed venue. *Id*. Thus, Proposed Interim Class Counsel has already performed significant work to identify, investigate, and prosecute Defendant for the alleged conduct. *Id*. This case and the proposed Class will benefit from continuing the momentum that has been generated by the work of KLG.

### 2. Proposed Interim Class Counsel Is Competent and Experienced

Proposed Interim Class Counsel has the necessary experience, knowledge, and skill to lead this case. Indeed, KLG is well-versed in prosecuting large-scale consumer class actions and other complex litigation cases. *See* McBride Decl. ¶¶ 18-20, 25, 27; *see also* Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶¶ 10-15. Proposed Interim Class Counsel has years of experience in complex class action litigation against many types of businesses and institutions.

4

Proposed Interim Class Counsel's relevant experience is set forth in their professional biographies. *See generally* McBride Decl.; Kazerounian Decl.

The Class needs aggressive, well-capitalized counsel willing to pursue this action effectively through trial and any appeals, if necessary. Proposed Interim Class Counsel has the necessary experience, resources, and qualifications. *See* McBride Decl., ¶¶ 19-20, 26, 30-32; Kazerounian Decl. ¶¶ 13-27.

### 3. Proposed Interim Class Counsel Has Expertise in the Applicable Law

One of the most important factors in appointing class counsel is experience and knowledge of the applicable law, both procedural and substantive. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be the most persuasive, however, relates to [proposed class counsel's] experience in, and knowledge of, the applicable law in this field."); *see also Okinski v. Progressive Case Ins. Co.*, 2023 U.S. Dist. LEXIS 169835, at \*7 (N.D. Ohio Sept. 22, 2023). The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," further supports appointing Proposed Interim Class Counsel. Indeed, KLG is knowledgeable and familiar with the legal claims and statutes at issue. KLG regularly litigates complex class action cases—specifically, those involving the Telephone Consumer Protection Act.

Abbas Kazerounian is an established and respected trial lawyer who represents clients in complex litigation and class action lawsuits, recovering hundreds of millions of dollars on behalf of individuals and businesses. *See* Kazerounian Decl. ¶¶ 10-11, 13, 24. Over the past 17 years, he has been appointed to lead counsel and to positions on plaintiffs' executive committees in nationwide class actions and multidistrict litigation involving claims for deceptive trade practices, violations of the debt collection statutes, the telephone consumer protection, and fraudulent

practices in cases involving such companies as Wells Fargo, Sirius XM Radio, TransUnion, Kaiser Foundation Health Plan, Comenity Bank, Bank of America, and JP Morgan Chase Bank, to name a few. *Id*. at ¶¶ 11, 17-19, 23, 26. From 2013 to 2015, Mr. Kazerounian was named a Rising Star in Super Lawyers Magazine. *Id*. at ¶ 32. And from 2016 through 2024, Mr. Kazerounian has been named a Super Lawyer by Super Lawyers Magazine. *Id*. Moreover, Mr. Kazerounian is a professor of consumer law and is regularly invited to speak at conferences. *Id*. at ¶¶ 28-31, 35-42, 45-50, 52-83. Indeed, a comprehensive list of Mr. Kazerounian's experience and accomplishments is included in his declaration. *See generally id*.

Ryan McBride is a partner with KLG who has years of experience in the TCPA. *See* McBride Decl. ¶ 5, 20, 25-27. Mr. McBride recently spoke at the October 2024 National Consumer Law Center Conference in Orlando, Florida on the topic of "TCPA Class Certification Issues for Pre-Recorded Telemarketing Calls and Calls to the DNC List." *Id*. at ¶ 29. Additionally, Mr. McBride has been appointed as class counsel in multiple consumer cases. *Id*. at ¶ 30. Mr. McBride has worked in the area of consumer rights for nearly 10 years and is licensed in five states. *Id*. ¶¶ 21, 26. A comprehensive list of Mr. McBride's experience and accomplishments is included in his declaration. *See generally id*.

Both Mr. Kazerounian and Mr. McBride have prosecuted and settled numerous class action lawsuits under the TCPA. Given their substantial experience, Proposed Interim Class Counsel are knowledgeable regarding the discovery and expert needs for the instant case, and will work in a focused manner to overcome Defendant's defenses. Moreover, Proposed Interim Class Counsel are seasoned class action litigators of national prominence who are well-versed in the nuances of the class action vehicle and Rule 23 and have demonstrated their willingness and ability to dedicate the necessary resources to ensure the effective progress of this litigation.

### 4. Proposed Interim Class Counsel Have and Will Commit All Necessary Resources

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate significant resources to advance the claims of the proposed class members. Civ. R. 23(g)(1)(A)(iv); *see also Lebeau v. U.S.*, 222 F.R.D. 613, 618 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney."). Here, Proposed Interim Class Counsel have demonstrated their collective willingness and ability to dedicate the necessary resources to ensure the effective progress of this litigation. *See* McBride Decl. ¶¶ 9, 15. As described in detail above and in the McBride Declaration, KLG has thoroughly investigated, developed, and gathered evidence in support of their claims, and counsel has already invested and committed significant resources to prosecute the case. Proposed Interim Class Counsel is hard-working, organized, and effective. KLG is well-capitalized and has pursued many complex cases from inception to a favorable result, advancing all litigation costs, and will do so here. Furthermore, KLG has settled cases with positive resolutions relatively early on but has also pushed cases through class certification and towards trial. *See* Kazerounian Decl. ¶ 24, 27. KLG has the experience and resources to handle any procedural scenario presented in this case, up through a jury trial and appeals. In fact, KLG operates numerous offices across the United States and is home to over 25 attorneys, not including support and administrative staff. *Id*. at ¶ 12.

Furthermore, KLG is inclusive of other Plaintiffs' counsel and originally sought to jointly prosecute the case with them. However, as explained previously, counsel for *Steidinger* refused to respond to Counsel for *Jones'* proposal. *See* McBride Decl. ¶¶ 10-12. Each attempt by KLG to discuss working together on the case—between May and December of 2024—was ignored. *Id*. Despite the repeated silence from other counsel, KLG is still willing and open to collaborating

with them on this case. Indeed, KLG has an extensive, positive history of working together with counsel of various backgrounds, experience, and expertise. *See* Kazerounian Decl. ¶¶ 17-23, 26, 89. Because of other Plaintiffs counsel's refusal to work together, KLG unfortunately must seek appointment as interim class counsel alone. Should counsel for *Steidinger* change their mind, KLG welcomes the opportunity for collaboration.

Moving forward, Proposed Interim Class Counsel will continue to staff this action with knowledgeable and experienced attorneys supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct further discovery, work with experts, and assist in trial preparation. Proposed Interim Class Counsel will also ensure that junior attorneys are offered opportunities to assist in the prosecution of this litigation and will continue to commit all necessary resources and efforts to the action just as they have in other successful actions.

If the Court deems it appropriate to utilize the resources and experience of other counsel involved in the litigation, Proposed Interim Class Counsel will call upon the experience and talents of other plaintiffs' counsel. However, KLG will make every effort to staff the litigation effectively and efficiently in a manner that will avoid unnecessary duplication of effort.

## IV. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that this Court appoint Abbas Kazerounian and Ryan McBride of Kazerouni Law Group, APC as Interim Class Counsel.

Dated: January 29, 2025

Respectfully submitted,

By: /s/ Ryan L. McBride
Ryan L. McBride, Esq.
Kazerouni Law Group, APC
2221 Camino del Rio S, Suite 101
San Diego, CA 92108
(p) 800-400-6808
(f) 800-520-5523