**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

Seth Steidinger et al.,

Case No. 1:24-cv-01074-JBM

   Plaintiffs,

v.

Blackstone Medical Services, LLC,

   Defendant.

_____ /

**<u>DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFF'S
MOTION TO APPOINT INTERIM CLASS COUNSEL</u>**

I, Abbas Kazerounian hereby declare under penalty of perjury that the following is true and correct:

1. I am one of the attorneys for Joseph Jones ("Jones") in the consolidated action against Defendant Blackstone Medical Services, LLC ("Defendant" or "Blackstone").

2. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time. I was admitted to the Central District of Illinois on January 24, 2025, and have been a member in good standing since then. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, New Jersey, Tennessee, Ohio, Florida, Illinois, Colorado, and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bars of Texas, Illinois, New York, Colorado, Washington, Michigan, District of Columbia, the Ninth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, First Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and the Supreme Court of the United

1

States.

3. I am a founding partner with the law firm Kazerouni Law Group, APC.

4. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

5. I am writing this declaration in support of Plaintiff Joseph Jones's Motion to Appoint Interim Class Counsel.

6. I am seeking appointment as Class Counsel on behalf of Kazerouni Law Group, APC along with Ryan L. McBride, a partner at the firm.

7. I have worked on the *Jones* litigation since my firm was retained as counsel for Plaintiff. I have been substantially involved in several major aspects of the litigation, including case strategy, negotiations, and reviewing case documents in both the original *Jones* action out of Florida and the instant action.

8. I believe that I have and will continue to fairly and adequately represent the interests of the putative class members.

9. I am unaware of any conflict of interest between Jones and the proposed class members to the instant action, nor am I aware of any conflicts of interest between Jones and his attorneys.

**CLASS COUNSEL'S EXPERIENCE**

10. Since my admission to the State Bar of California in 2007, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of false advertising actions concerning consumer products, unfair competition, fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's Invasion of Privacy Statute pursuant to Penal Code § 630, *et seq.*, and other consumer statutes.

11. My firm and I have litigated numerous consumer rights class actions, both on the state and federal level, under various consumer protection statutes, such as California's Unfair Competition Law, California's Consumer Legal Remedies Act, the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, Fair Credit Reporting Act, California Invasion of Privacy Act, and Telephone Consumer Protection Act, just to name a few.

12. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 15,000 cases in the past 17 years. My firm has offices in Orange County, California; San Diego, California; Phoenix, Arizona; Las Vegas, Nevada; St. George, Utah; Dallas, Texas; Seattle, Washington; New York, New York; Mt. Laurel, New Jersey; and Minneapolis, Minnesota.

13. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions. Approximately 95% percent of my practice concerns consumer litigation in general.

**KAZEROUNI LAW GROUP, APC'S**

**CONSUMER RELATED EXPERIENCE AND RESULTS**

14. I have presented oral argument on several occasions to the Ninth Circuit Court of Appeals, including in the following matters:

   a. Three times in *Afewerki v. Anaya Law Group*, No. 15-56510 (9th Cir. April 7, 2017), *Afewerki v. Anaya Law Group*, No. 18-55100 (9th Cir. May 15, 2019), and *Afewerki v. Anaya Law Group*, No. 19-56486 (9th Cir. Jan. 21, 2021), which resulted in an order in favor of my client's FDCPA claim;

   b. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883 (9th Cir. 2018), which resulted in an order in favor of my client on a TCPA claim in terms of the meaning of an automatic telephone dialing system;

c. *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014), which resulted in an order in favor of my client, reversing an order compelling arbitration.

15. I have worked on numerous other appeals to the Ninth Circuit Court of Appeals as well as the California Court of Appeal where a favorable result was obtained for my clients in several cases, including:

a. *Delisle v. Speedy Cash*, 818 F. App'x 608 (9th Cir. 2020) (affirmed lower court's holding that a consumer's right to seek public injunctive relief under California law is non-waivable, and remanding for further proceedings);

b. *Rahmany v. T-Mobile USA Inc.*, No. 17-35084, 2018 U.S. App. LEXIS 8645 April 5, 2018) (affirmed denial of the defendant's motion to compel arbitration)

c. *Flores v. Adir Int'l, LLC*, 685 F. App'x 533, 533 (9th Cir. 2017) (reversing order granting the defendant's motion to dismiss TCPA action);

d. *Mojtahedi v. Vargas*, 228 Cal. App. 4th 974, 176 Cal. Rptr. 3d 313 (2014);

e. *William Mount, et al., v. Wells Fargo Bank, N.A.,* No. B260585 (Cal. Ct. App., Feb.10, 2016);

f. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016);

g. *Maghen v. Quicken Loans Inc.,* 680 F. App'x 554 (9th Cir. 2017);

h. *Silver v. Pa. Higher Educ. Assistance Agency*, 706 F. App'x 369 (9th Cir. 2017);

i. *Carter v. Rent-A-Center, Inc.*, 718 F. App'x 502 (9th Cir. 2017);

j. *Elghasen v. RBS Comput., Inc.*, 692 F. App'x 940 (9th Cir. 2017);

k. *Self-Forbes v. Advanced Call Ctr. Techs., LLC*, 754 F. App'x 520 (9th Cir. 2018);

l. *Reid v. I.C. Sys.,* 795 F. App'x 509 (9th Cir. 2019);

m. *Portfolio Recovery Assocs. v. Serrano*, No. D073719, 2019 Cal. App. Unpub. LEXIS 5178 (Aug. 5, 2019);

n. *Farrell v. Boeing Emples. Credit Union*, 965 F.3d 968 (9th Cir. 2020);

o. *Georges v. Bank of Am., N.A.*, 845 F. App'x 490 (9th Cir. 2021);

p. *Gonzalez v. Allied Collection Servs.,* Nos. 19-16813, 20-15002, 2021 U.S. App. LEXIS 9062 (9th Cir. Mar. 29, 2021).

16. I worked on an appeal to the Eleventh Circuit Court of Appeals in the matter of *Dunn v. Global Trust Management, LLC et al.,* No. 21-10120 & 21-10121.

17. I am interim co-lead counsel in the matter of *In re Wells Fargo COVID Forbearance Settlement Litigation,* Case No. 2:24-df-01026-MHW-EPD, in which there is a proposed $185 million settlement preliminarily approved, and pending final approval.

18. I served as co-lead counsel in *R.O., et al. v. Rady Children's Hospital - San Diego,* No. 37-2020-00011841-CU-BT-CTL (May 10, 2022) (granting Final Approval of class action settlement in CMIA case and award of attorneys' fees, costs, and incentive awards).

19. I served as co-class counsel preliminarily approved data breach settlement in *Cotter v. Checkers* Drive-In Restaurants, Inc., 8:19-cv-01386-VMC-CPT (M.D. Fl. June 20, 2020).

20. In 2019, I was appointed co-lead counsel in a securities class action in *Jiao v. Merrill Lynch Pierce Fenner & Smith, Inc. et al.,* No. 3:17-cv-00409-L-MMD (S.D. Cal.).

21. As it concerns cases specifically involving false or misleading advertising, in the last several that years I have settled, the following is a non-exhaustive list:

   a. *Maxin v. RHG & Company, Inc.,* 2017 U.S. Dist. LEXIS 27374 (S.D. Cal. February 27, 2017) (finally approved class action settlement for $900,000);

   b. *Scheuerman v. Vitamin Shoppe Industries, Inc.,* BC592773 (Los Angeles Superior Court) (finally approved class action settlement for up to $638,384);

   c. *Oxina v. Lands' End, Inc.,* 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (finally approved settlement under California Made in the USA statute);

   d. *Ayala et al v. Triplepulse, Inc.,* BC655048, Los Angeles Superior Court (Nov. 13, 2018) (finally approved consumer false advertising class action settlement);

e. *Holt v. Foodstate, Inc.*, No. 1:17-cv-00637-LM, 2020 U.S. Dist. LEXIS 7265 (D.N.H. Jan. 16, 2020) (finally approving class action settlement for alleged false advertising of consumable product, $2,100,000, with Abbas Kazerounian and Jason Ibey as co-lead class counsel);

f. *Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 U.S. Dist. LEXIS 142774, at *16 (S.D. Cal. Oct. 13, 2016) (finally approved class action settlement regarding slack fill claim);

g. *Dowlatshahi v. Mcilhenny Company*, No. 30-2017-00911222-CU-NP-CXC (Sup. Ct. Orange County Oct. 10, 2018) (granting final approval to product false advertising settlement);

h. *Giffin v. Universal Protein Supplements Corporation d/b/a/ Universal Nutrition et al.*, No. BC613414 (Superior Court of California, County of Los Angeles) (finally approved class action settlement alleging violation of California law involving Made in USA representations);

i. *Holt v. Noble House Hotels & Resort, Ltd*., No. 17cv2246-MMA (BLM), 2018 U.S. Dist. LEXIS 177940 (S.D. Cal. Oct. 16, 2018) (achieved class certification status on CLRA claim for alleged false advertising of restaurant surcharge);

j. *Duenas v. Freedom Laser* Therapy, Inc. d/b/a iRestore, No. 30-2019-01060877-CU-BT-CXC (Sup. Ct. Orange County) (finally approved class action settlement involving alleged false or misleading claims concerning a laser hair growth product); and,

k. *Baumrind v. Brandstorm, Inc.*, 30-2020-01160083-CU-MC-CXC, 2021 Cal. Super. LEXIS 9571 (Sup. Ct. Orange County Dec. 3, 2021) (finally approved class action settlement for false and misleading claims on the packaging of a consumer product).

22. A brief summary of a non-inclusive list of notable published decisions are as follows:

a. *Hill v. Quicken Loans, Inc.*, No. ED CV 19-0163 FMO (SPx), 2020 U.S. Dist. LEXIS 140980 (C.D. Cal. Aug. 5, 2020) (denying defendant's motion to dismiss and motion to compel arbitration of TCPA case);

b. *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, No. 2:19-cv-02444-ODW (ASx), 2019 U.S. Dist. LEXIS 200710 (C.D. Cal. Nov. 18, 2019) (denying a defendant's motion to dismiss case for lack of personal jurisdiction where jurisdiction as based on an agency relationship);

c. *Meza v. Sirius XM Radio Inc.*, No. 17-cv-02252-AJB-JMA, 2020 U.S. Dist. LEXIS 32379 (S.D.Cal. February 25 2020) (was co-lead counsel; obtained order denying the defendant's motion to strike class allegations and motion to dismiss complaint where defendant challenge the constitutionality of the TCPA);

d. *Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 U.S. Dist. LEXIS 96981 (S.D. Cal. June 10, 2019) (denying defendant's motion to compel arbitration, for a second time; currently on appeal);

e. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883 (9th Cir. 2018) (TCPA class action where Ninth Circuit upheld Ninth Circuit precedence on the definition of an Automatic Telephone Dialing System);

f. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

g. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

h. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denied Defendant's motion to dismiss and to strike

7

class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

i. *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS (WVG), 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. Sep. 5, 2014) (order denying defendant's motion for reconsideration of class certification under the TCPA);

j. *Chen v. Allstate Ins. Co.,* 819 F.3d 1136 (9th Cir. 2016) (order affirming decision finding unaccepted offer of judgment under Fed. R. Civ. P. 68 did not moot the plaintiff's individual TCPA claims)

23. I have filed and litigated numerous consumer class actions over the last several years, including but not limited to the following, which I am or have been personally involved in:

a. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

b. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Co-lead class counsel in a settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved on March 6, 2015 for over $1,000,000);

c. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

d. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

e. *Mount v.* Wells Fargo Bank, N.A., BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000 in action under Cal. Pen. Code § 630, *et seq.*);

f. *Luster v. Wells Fargo Dealer Services, Inc.*, 15-cv-1058 (TWT) (N.D. Ga. November 8, 2017) (TCPA class action finally approved in the amount of $14,834,058.00);

g.  *Defranks v. Nastygal.com USA Inc.,* 1:19-cv-23028-GAYLES (S.D. Fla. September 4, 2020) (TCPA class action finally approved for over $5,000,000);

h.  *Khoury v. Wynn Resorts,* A-18-773073-C (8th Judicial Dist. Nev. April 15, 2019) (class action for deceptive parking signs finally approved);

i.  *McAfee v. Treasure Island, LLC*, A-18-772302-C (D. Nev. May 23, 2019) (data breach class action finally approved);

j.  *Hofstader et al v. Providence Health and Services, et. al*, No. 2:18-cv-00062-SMJ (E.D. WA, February 19, 2021) (final approval granted);

k.  *Lemieux v. EZ Lube, LLC*, *et al.,* 12-CV-01791-JLS-WYG (S.D. Cal.) (Served as co-lead counsel; finally approved on December 8, 2014);

l.  *Ronquillo-Griffin v. TransUnion Rental Screening Solutions, Inc. et al.*, No. 3:17-cv-00129-JM-BLM (S.D.Cal. May 9, 2019) (co-lead counsel in finally approving class action settlement involving claims under Cal. Pen. Code § 630, *et seq.*);

m.  *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (finally approved $11,973,558);

n.  *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18 million);

o.  *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18 million);

p.  *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement obtaining $24.15 million; final approval granted in 2012);

q. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25 per claimant; final approval granted in 2012);

r. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

s. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Finally approved for $39,975,000);

t. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS) (co-lead counsel in finally approving TCPA settlement for over $6,500,000 on March 28, 2016);

u. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for $47,000,000.00 in value to the class);

v. *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

w. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

x. *Ryabyshchuk v. Citibank (South Dakota) N.A., et al,* 11-CV-1236-IEG (WVG);

y. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (Settled for $5,350,000 and finally approved on May 12, 2015; served as co-lead counsel);

z. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal.);

aa. *Karayan v. Gamestop Corp.,* 3:12-CV-01555-P (N.D. Texas);

bb. *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737–RS (N.D. Cal.);

cc. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015 as co-lead counsel);

dd. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015 and served as co-lead counsel);

ee. *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632, *et seq.*, for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; finally approved on August 15, 2014);

ff. *Rose v. Bank of America Corporation et al.*, 12-cv-04009-EJD (N.D. Cal.) (Finally approved for $32,000,000 in 2014);

gg. *Newman v. AmeriCredit Financial Services*, 11-cv-03041-DMS-BLM (S.D. Cal.) (finally approving TCPA settlement for over $6,500,000 on March 28, 2016);

hh. *Fox v. Asset Acceptance, LLC*, 14-cv-00734-GW-FFM (C.D. Cal. July 1, 2016) (finally approved TCPA class action for $1,000,000; $200,000 cash and $800,000 debt relief);

ii. *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Class certification granted);

jj. *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (finally approved for $34,000,000);

kk. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632, *et seq.*, for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014 and served as co-lead counsel);

ll. *Zaw v. Nelnet Business Solutions, Inc. et al.*, No. 13-cv-05788-RS (N.D. Cal.) (finally approved in 2014 for $1,188,110 in action under Cal. Pen. Code § 630, *et seq.*);

mm. *Medeiros v. HSBC Bank Nevada, N.A.,* 3:14-cv-01786-JLS-MDD (S.D. Cal. 2017) (Finally approved action under Penal Code 632, *et seq.* for $13,000,000).

nn. *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Class certification granted under the Rosenthal Fair Debt

Collection Practices Act; class action settlement finally approved on April 21, 2016);

oo. *LaPuebla v. BirchBox, Inc.,* 3:15-cv-00498-BEN-BGS (S.D. Cal. 2016) (finally approved settlement in unlawful auto-renewal action, allowing class members to receive credits ranging from $5 to $20 toward future purchases);

pp. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (finally approved for $1,500,000);

qq. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. Cal.) (Class Certification granted and finally approved for $7,000,000);

rr. *Barrow v. JPMorgan Chase Bank, N.A.*, 1:16-cv-03577-AT (N.D.Ga) (co-lead counsel in finally approved TCPA class settlement for $2,250,000);

ss. *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D.Va. December 22, 2016) (Served as co-lead counsel in finally approved TCPA class action settlement with a monetary fund of $35,000,000);

tt. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

uu. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017);

vv. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action finally approved);

ww. *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (Utah District Court) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017);

xx. *Reid v. I.C. System, Inc.*, 2017 U.S. Dist. LEXIS 43770 (D.Ariz. March 24, 2017) (TCPA class actions finally approved in the amount of $3,500,000);

yy. *Couser v. Dish One Satellite, LLC*, 5:15-cv-02218-CBM-DTB (C.D. Cal. November 21, 2017) (TCPA class action preliminarily approved in the amount of $935,000);

zz. *Barbano v. JP Morgan Chase Bank, N.A.,* No. EDCV 19-1218 JGB (SPx), 2021 U.S. Dist. LEXIS 204354, at *23 (C.D. Cal. Oct. 18, 2021) (RESPA class action finally approved with a $1,000 payment to each class members and noting that I am "one of the main plaintiff litigators of consumer rights cases in the Central District of California").

24. Many of the cases listed above, which have settled, resulted in the creation of combined common funds and/or distribution to class member in the hundreds of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by Kazerouni Law Group, APC and myself, in successfully prosecuting complex class actions.

25. I have also litigated several SBA warranty registration cases, including but not limited to:

a. *Lo v. Nutribullet, LLC,* Case No. 21STCV12852 (Los Angeles Super. Ct. November 3, 2022) (finally approved class action settlement for alleged violations of the SBA, CLRA, and UCL);

b. *Armstrong v. Makita U.S.A., Inc.*, No. 21STCV17592 (Sup. Ct. Los Angeles, Dec. 1, 2021) (partially prevailed on demurrer);

c. *Schneider v. All-Clad Metalcrafters, LLC*, No. 30-2021-01189853-CU-BT-CXC, 2021 Cal. Super. LEXIS 8074 (Sup. Ct. Orange County, Sept. 28, 2020) (prevailed on demurrer to all causes of action);

d. *Naseri v. Greenfield World Trade, Inc.*, No. SACV 21-01084-CJC (KESx), 2021 U.S. Dist. LEXIS 150274 (C.D. Cal. Aug. 10, 2021) (opposed Rule 12(b)(6) motion to dismiss; filed motion to remand to state court);

e.   *Phillips v. Royal Appliance Mfg. Co. d/b/a Hoover*, No. 3:21-cv-00987-WQH-KSC (S.D. Cal.) (opposed motion to dismiss and for a more definite statement; filed motion to remand to state court).

26. My firm and I have also served as counsel in these recent putative class action matters:

a.   *In re Planned Parenthood Los Angeles Data Incident Litigation*, Case no. 21STCV44106 (Los Angeles Cty. Sup. Ct. 2024);

b.   *Hellyer et al v. Smile Brands, Inc. et al*, Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal. 2024);

c.   *Isaiah et al v. Loandepot, Inc.*, Case No. 8:24-cv-00136-DOC-JDE, (C.D. Cal. April 17, 2024);

d.   *Vakilzadeh v. The Trustees of the California State University*, No. 20STCV23134 (Sup. Ct. Cal., Los Angeles Cnty.) (Kazerouni Law Group, APC, appointed as Interim Co-Lead Class Counsel on November 4, 2021, in case currently pending motion for class certification involving change in modality from in-person, on campus education to online education; pending motion for class certification);

e.   *Felix v. Roosevelt University,* No. 1:20-cv-04793 (N.D. Ill.) (co-counsel in action that is pending a ruling on motion for class certification);

f.   *Burt v. Bd. of Trs. of the Univ. of R.I.*, No. 20-465-JJM-LDA, 2021 U.S. Dist. LEXIS 42059 (D.R.I. Mar. 4, 2021) (denying in part motion to dismiss breach of contract claims involving putative class action for refund as a result of campus closure due to COVID-19; summary judgment for defendant, affirmed on appeal).

### TRIAL EXPERIENCE

27. I have substantial trial experience in state and federal court, including but not limited to:

a. *Luz Mendez v. City of San Diego, et al.,* 37-2014-00037263-CU-PA-CTL, San Diego Superior Court ($10,750,000 trial verdict);

b. *Singlton v. Scott Kernan, et al.,*3:16-cv-02462-BAS-NLS (S.D. Cal.) (lead counsel in pro bono trial before the Honorable Cynthia A. Bashant);

c. *Alison Bastek v. Comenity Bank* (2016) Bench Trial, Case No. 37-2016-00017012-CU-BC-CTL, Cal. Sup. Ct. San Diego, before Judge Stauss;

d. *CACH LLC vs. Ezand, Mahdad M* (August 2015) Bench Trial -Collections Case, Case Number: 14A03873, Chatsworth Courthouse;

e. *Hadsell v. Madrich Law Group* (2015) – Jury Trial, Case No. 12CV0235-AJB(RBB), United District Court for Southern District of California before Judge Anthony Battaglia;

f. *CACH LLC vs. Michael Troutman* (Sept. 2012) Bench Trial – Collections, Case Number: 37-2011-00058243-CL-R3-NC, San Diego Superior Court, before Judge Nugent;

g. *Contreras v. Rent-A-Wheel* (March 2012) Jury Trial – Collections, Case Number: 37-2010-00096692-CU-CL-CTL, San Diego Superior, before Judge Lewis;

h. *Counsel Press vs. Hyde & Swigart APC* (Jan. 2010) Bench Trial –Collections, Case Number: 37-2010-00083337-CL-R3-CTL, before Judge Meyer;

i. *Eric Lira v. Sweetwater School District* (2010) Jury Trial, Case Number: 37-2009-00080975-CU-PO-CTL, before Judge Blum;

j. *Ayala, Elder Orlando v. Sayegh,Ramzi* (June 2007) Bench Trial – Breach of Contract Case, Case Number:05K05256 Los Angeles Superior Court, Dept. 81;

k. as well as between 20-30 credit card breach of contract one day trials across California.

**ADDITIONAL RELEVANT TRAINING,**

28. I am an adjunct professor at California Western School of Law where I teach a three-credit course in consumer law.

29. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended:

    a. Four-day National Consumer Law Center Conference; Nashville, TN –2008;

    b. Three-day National Consumer Law Center Conference; Portland, OR -2008;

    c. Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

    d. Three-day National Consumer Law Center Conference; Seattle, WA -2011;

    e. National Consumer Law Center Conference in 2013;

    f. National Consumer Law Center Conference in 2014;

    g. National Consumer Law Center Conference in 2015;

    h. National Consumer Law Center Conference in 2016;

    i. Three-day CAALA Conference; Las Vegas, NV – 2009;

    j. Three-day CAALA Conference; Las Vegas, NV – 2013;

    k. Three-day CAALA Conference; Las Vegas, NV – 2015;

    l. Three-day CAALA Conference; Las Vegas, NV – 2016;

    m. Three-day CAOC Conference – 2014 and 2015;

    n. Speaker at ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013;

    o. Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013;

    p. Spoke at the 2014 ACA Conference in November 2014;

q. Speaker at ACI Conference in Dallas, TX in September of 2016 concerning The Borrower's Perspective: Insight From The Plaintiffs' Bar and Consumer Advocates;

r. Speaker on TCPA panel in September of 2016 at the Annual Consumer Financial Services Conference;

s. Speaker at the 2016 CAOC Conference in November of 2016;

30. As one of the main plaintiff litigators of consumer rights cases in the Southern District of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of California, Irvine, and California Western School of Law.

31. I was the principle anchor on Time Television Broadcasting every Thursday night as an expert on consumer law generally between 2012 and 2013.

32. I was named Rising Star by San Diego Daily Tribune in 2012, and Rising Star in Super Lawyers Magazine in 2013, 2014, and 2015. I was named a Super Lawyer by Super Lawyers Magazine in 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024.

33. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco.

34. I was selected for membership into The National Trial Lawyers: Top 40 Under 40 in 2016, 2017 and 2018.

35. I was a panelist in a webinar, ABA Telephonic Brown Bag re: TCPA, on August 25, 2015.

36. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco, California.

37. In January of 2016, I spoke on the impact of the Federal Communications Comission's 2015 Declaratory Ruling on TCPA litigation at the ABA National Convention in Salt Lake City, Utah.

38. I lectured on the TCPA before the ABA Business Law Section, Consumer Financial Services Committee in January 2016 at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation."

39. In May of 2016, I spoke on Class Action Trends at the CAOC seminar in Palm Springs, California.

40. In August of 2018, I was one of three presenters on another national webinar on the TCPA titled "From Both Sides: Plaintiff and Defense Perspective on the TCPA".

41. In August of 2018, I was one of two presenters on a national webinar on the TCPA titled "TCPA Takes a New Turn With the 9th Circuit's Ruling in *Marks v. Crunch San Diego, LLC*."

42. I lectured on the TCPA before the ABA Business Law Section, Consumer Financial Services Committee in January 2016 at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation."

43. In 2016, I wrote an article entitled "Finding a Balance" that was published in the Nutrition Business Journal, concerning a lawsuit filed under the Racketeer Influenced and Corrupt Organization Act.

44. I was published in the Daily Journal in September of 2016, with the title, "The FDCPA: The Forgotten Statute."

45. I am often called upon to give legal analysis on popular television and radio shows such as Dr. Drew Midday Live and Fox 5.

46. In March of 2016, I moderated the Judges Panel on Class Action Trends and Federal Litigation Trends at the NCLC Conference.

47. I spoke on privacy rights on a panel before the California State Bar Convention in 2016.

48. I spoke at the 22nd National Forum on Residential Mortgage Litigation & Regulatory Enforcement conference on January 22, 2017.

49. Presented at the 2017 CAOC seminar in Palm Springs, California.

50. Speaker at national webinar on June 7, 2017, for the CAOC, entitled, "Understanding the Fair Debt Collection Practices Act", and again on August 1, 2018.

51. I wrote an article entitled, *"Collateral Damage, Beyond the personal injury: When creditors and collection agencies stalk your client,"* published in the September 2017 edition of Plaintiff magazine.

52. Speaker at National Webinar by the ABA Consumer Financial Services Committee on TCPA Update – "The D.C. Circuit's TCPA Decision on the FCC Ruling, held on March 22, 2018.

53. Spoke at 2018 Inland Empire CAOC Convention on "Class Action Hot Topics" - May 2018.

54. On January 11, 2019, I spoke on a panel entitled "TCPA Litigation: Where is it Heading Now?" at the 2019 Annual American Bar Association Conference in Miami.

55. I spoke on the FDCPA at National Consumer Law Center's National Convention in Las Vegas in March, 2019.

56. Spoke on "The interplay between Personal Injury and Class Actions" at the CAOC Sonoma Seminar 2019.

57. Presented at Mass Torts Made Perfect on Modern Trends in the TCPA in April of 2019.

58. Speaker at the CAOC Inland Empire Seminar in Palm Springs on "Dealin with Overly Ambitious Lien Holders, on May 2, 2019.

59. Speaker for the California Lawyers Association March 3, 2020 Webinar on "Recent Developments in Internet and Privacy Law Affecting California Consumer Financial Service Providers" presented by the Internet and Privacy Law Committee; and, the Consumer Financial Services Committee.

60. Speaker at San Diego Law School Class Action Forum 2020 on Consumer Class Actions in March 2020.

61. Speaker for a webinar for CAOC on April 21, 2020, on "Data Breach Basics."

62. MTMP (Mass Torts Made Perfect) Connect Webinar Series on Class Action Data Breaches – June 4, 2020.

63. Speaker at MTMP Class Action Track - October 14, 2020, on "Nuts & Bolts of Mediating a Class Action."

64. Speaker at 2021 Palm Springs Seminar Panel on Hot Topics In Mass Tort And Class Actions: What You Don't Know Might Get You Burned. Spoke on *Recent Developments in Labeling Class Actions.*

65. Participant in Zoom webinar for the ARM Industry, Speaker at 2021 CAOC Sonoma Virtua Conference on Nuts & Bolts of Fighting Arbitration.

66. Speaker at 2021 Palm Springs Seminar Panel on Hot Topics In Mass Tort And Class Actions: What You Don't Know Might Get You Burned. Spoke on *Recent Developments in Labeling Class Actions.*

67. Participant in Zoom webinar for the ARM Industry, Post-Hunstein, Legal and Operational Insights and a Discussion Amongst Plaintiff's Attorneys (April 29, 2021).

68. Speaker at 2021 CAOC Sonoma Virtua Conference on Nuts & Bolts of Fighting Arbitration.

69. Speaker at 2021 Palm Springs Seminar Panel on Hot Topics In Mass Tort And Class Actions: What You Don't Know Might Get You Burned. Spoke on *Recent Developments in Labeling Class Actions.*

70. On September 22, 2021, I was a speaker in a MTMP Connect Webinar entitled "Navigating Ramirez in Consumer Class Actions" regarding: Anticipating Ramirez Defense/Litigation Tactics, Limitations of Ramirez, A review of court decisions post-Ramirez, and Tips for pleadings and briefing post-Ramirez.

71. On October 14, 2021, I spoke at MTMP on the Oil Spill disaster in Orange County and was a moderator for "Roll the Dice: Getting Into Mass Torts in Vegas" at MTMP in Las Vegas.

72. Speaker for a webinar entitled "Consumer Attorneys Share Their Initial Reactions to

Regulation F Confirmation" on February 15, 2022.

73. Speaker at CAOC Sonoma Seminar on "Use Of Technology in Litigation In the Pandemic Age", on March 11, 2022.

74. Speaker in May of 2022 at the NCLC Conference in Orlando, Florida, on *Understanding the FDCPA*.

75. Speaker at NACA National Webinar on Fair Debt Collections Practices Act Webinar 101 in March of 2023.

76. Speaker at July 26, 2023, webinar on Consumer Attorney Update on Regulation F, Standing, for Accounts Recovery.

77. Speaker at 2024 Accounts Recovery National Webinar on "A Conversation with Plaintiff's Attorneys."

78. Speaker at the 2023 NCLC National Conference about TCPA developments.

79. Speaker at 2023 MTMP Conference on "Class Action Structures and Service Awards that Pass Muster."

80. Speaker at March 2024 CAOC Sonoma Seminar on The Nuts and Bolts of Federal Litigation – Pre-Trial.

81. Speaker at July 2024 CAOC DE&I Speaker Series.

82. Speaker at A Conversation with Plaintiff's Attorneys on Accounts Recovery National Webinar, July 29, 2024.

83. Speaker at the CAOC Class Action Symposium on Class Action Structures.

84. On June 4, 2024, I was recognized for my pro bono work by the Central District of California.

85. I was given the Wiley W. Manuel Award by the State Bar of California for Pro Bono Work (2017).

86. I am a member in good standing of the following local and national associations:

   a. Consumer Attorneys Association of Los Angeles;

   b. The Orange County Bar Association;

c.   Orange County Trial Lawyers Association;

d.   Twice served as former President of the Orange County Chapter of the Iranian American Bar Association;

e.   Member in good standing of National Association of Consumer Advocates;

f.   Member of Consumer Attorneys of California – 4th Vice President;

g.   Member of the Federal Bar Association;

h.   Member of the Leading Forum of the American Association of Justice;

i.   Member of the American Bar Association.

87. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles).

88. I have regularly litigated cases in state and federal courts and have reached numerous confidential seven-figure settlements against internationally known companies.

89. In the matter of *Holt v. Foodstate Inc.*, No. 17-cv-637-LM (D.N.H. Jan. 6, 2020), in which I served as Co-Class Counsel with Jason Ibey, the Court expressed the following: "Class counsel are highly qualified and experienced in consumer class actions, including false advertising claims," and further stated that Mr. Kazerounian "[h]as participated in over 50 consumer protection class action suits in the last several years ad he also has received extensive training in consumer protection litigation, has given presentations on the subject, including teaching a law school course on consumer law."

90. In a 2020 decision by Judge Cynthia Bashant in the Southern District of California, Judge Bashant found that ". . . Mr. Kazerounian [is a] skilled, experienced class action litigator[] very familiar to this Court." *McCurley v. Royal Seas Cruises, Inc.*, U.S. Dist. LEXIS 227110 (S.D. Cal. 2020).

I declare under penalty of perjury that the foregoing is true and correct, executed on January 29, 2025, pursuant to the laws of the State of California, at Costa Mesa, California.

Abbas Kazerounian