**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

Seth Steidinger et al.,

Case No. 1:24-cv-01074-JBM

      Plaintiffs,

v.

Blackstone Medical Services, LLC,

      Defendant.

_____ /

**DECLARATION OF RYAN L. MCBRIDE IN SUPPORT OF PLAINTIFF'S
MOTION TO APPOINT INTERIM CLASS COUNSEL**

I, Ryan L. McBride hereby declare under penalty of perjury that the following is true and correct:

1. I am one of the attorneys for Joseph Jones ("Jones") in the consolidated action against Defendant Blackstone Medical Services, LLC ("Defendant" or "Blackstone").

2. I am over the age of 18 and fully competent to make this declaration. I was admitted to the State Bar of California in 2014 and have been a member in good standing ever since that time.

3. I was admitted to the Central District of Illinois on November 26, 2024. I have been a member in good standing since that time.

4. I am also admitted to the state bars of Arizona, Washington, Utah, and Florida, as well as the Ninth Circuit Court of Appeals.

5. I am a partner with the law firm Kazerouni Law Group, APC.

6. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly

1

set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

7. I am writing this declaration in support of Plaintiff Joseph Jones's Motion to Appoint Interim Class Counsel.

8. I am seeking appointment as Class Counsel on behalf of Kazerouni Law Group, APC along with Abbas Kazerounian, one of the firm's founding partners.

9. I have worked on the *Jones* litigation since my firm was retained as counsel for Plaintiff. I have been substantially involved in several major aspects of the litigation, including client outreach, research, case strategy, negotiations, drafting of the complaint, drafting and responding to discovery, meeting with conferring with opposing counsel, and reviewing case documents in both the original *Jones* action out of Florida and the instant action.

10. On May 29, 2024, Counsel for Steidinger and Koller sent me an email asking that Jones withdraw his claims. At the time, both parties were at essentially the same stage of litigation. As such, we declined to withdraw the claims. Instead, we requested that the parties work together in the litigation. Counsel for Steidinger and Koller did not respond to us.

11. On July 24, 2024, our firm again reached out to counsel for Steidinger and Koller to discuss working together. We were ignored.

12. On December 13, 2024, our firm reached out for the third time to counsel for Steidinger and Kollar to discuss working together. We were again ignored.

13. Before consolidation of the *Jones* action, Jones and Defendant completed some discovery and exchanged informal discovery. Specifically, our firm served discovery, received responses from Defendant, and proceeded to meet and confer on Defendant's responses.

14. At this time, I believe that procedurally the Jones case appears to be significantly ahead of the Steidinger and Koller case.

15. I am ready and willing to commit significant resources to ensure the effective progress of this litigation.

16. I believe that I have and will continue to fairly and adequately represent the interests of the putative class members.

17. I am unaware of any conflict of interest between Jones and the proposed class members to the instant action, nor am I aware of any conflicts of interest between Jones and his attorneys.

### Kazerouni Law Group Practice

18. Kazerouni Law Group Group's practice is almost exclusively devoted to the litigation of consumer law and has nine offices in seven states.

19. The firm has litigated over 20,000 cases in the past 15 years.

On most cases Kazerouni Law Group represents consumers on a contingency fee, funding all litigation costs, and usually waiting a considerable amount of time before being paid for services. Kazerouni Law Group took this case on a. purely contingent basis and has not been paid for any of its services thus far.

### Counsel's Experience

20. I practice law full time as a private consumer rights plaintiff's attorney and am a Partner at Kazerouni Law Group in the San Diego office.

21. I am licensed in the states of Washington, Arizona, Utah, California, and Florida.

22. My primary responsibilities include managing caseloads and attorney responsibilities in the states in which I am licensed.

23. I regularly manage and supervise associates and staff within our firm, assigning projects and giving advice.

24. I was primarily responsible for opening our office in Phoenix, Arizona, and developing that location's caseload in 2015.

25. Kazerouni Law Group's and my practice is substantially devoted to consumer rights

matters.

26. I have worked for this firm for over nine years and as an attorney since 2014.

27. I have undergone extensive training in the area of consumer rights. The following is a list of recent training conferences I have attended:

   a. Three-day National Consumer Law Center: Fair Credit Reporting Act Training Conference, in Las Vegas, NV - May 2015;

   b. Four-day National Consumer Law Center Conference; San Antonio, TX – November, 2015;

   c. Three-day Mass Torts Made Perfect Conference; Las Vegas, Nevada – April 2019.

   d. Three-day Fair Credit Reporting Act Conference; Long Beach, CA – May 2019.

   e. Three-Day National Association of Consumer Advocates Conference; Chandler, Arizona – May 2022

28. I have been a guest consumer rights attorney on the 2016, 2017, and 2023 "Let Joe Know On the Road" ABC 15 events.

29. I was invited to speak at the October 2024 National Consumer Law Center Conference in Orlando, Florida on the topic of "TCPA Class Certification Issues for Pre-Recorded Telemarketing Calls and Calls to the DNC List."

30. I have personally been appointed as class counsel in the following cases since becoming licensed:

   a. *Pastor v. Bank of America*, Case No. 3:15-cv-03831-MEJ (N.D. Ca. 2015) (FCRA class finally approved in the amount of $1,645,000)

   b. *Morrison v. Express Recovery Services, Inc. d/b/a Clear Management Solutions, Inc.*, Case No. 1:17-cv-00051-CW (D. Ut. 2017) (FDCPA class finally approved).

   c. *Hofstader v. Providence Health and Services*, Case No. 2:18-cv-00062-SMJ (E.D. WA 2020) (Washington Consumer Protection Act class finally approved).

4

d. *Rodriguez v. Cascade Collections, LLC*, Case No. 2:20-cv-00120-JNP-DBP (D. Utah 2021) (Appointed as class counsel in opposed motion for class certification).

e. *Barbano v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 204354 (C.D. Cal. 2021) (Real Estate Settlement Procedures Act ("RESPA") class finally approved).

f. *Franklin v. Ocwen Loan Servicing, LLC*, 2022 U.S. Dist. LEXIS 158711 (N.D. Cal.) (CIPA class finally approved).

31. I have successfully argued twice in front of the Ninth Circuit Court of Appeals in *Sylvester v. Merchants Credit Corp.*, 2021 U.S. App. LEXIS 31528 (9th Cir. 2021) and *Pearson v. Apria Healthcare Grp., Inc.*, 2023, U.S. App. LEXIS 10948 (9th Cir. May 4, 2023).

32. I have argued in front of the California Court of appeals in *Olson v. La Jolla Neurological Associates*, 85 Cal.App.5th 723 (4th D. Ct. App. November 23, 2022).

I declare under penalty of perjury that the foregoing is true and correct, executed on January 29, 2025, pursuant to the laws of the State of California, at San Diego, California.

_____
Ryan L. McBride