**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| Seth Steidinger et al., | Case No. 1:24-cv-01074-JBM |
| Plaintiffs, | |
| v. | |
| Blackstone Medical Services, LLC, | |
| Defendant.. | |
| _____ / | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT**
**INTERIM CLASS COUNSEL PURSUANT TO RULE 23(g)**

This matter comes before the Court on Plaintiff Joseph Jones' Motion to Appoint Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3) (the "Motion").

WHEREAS, the Plaintiff Joseph Jones ("Plaintiff") in the above referenced case, pending in this District, seek to have Ryan L. McBride and Abbas Kazerounian of Kazerouni Law Group, APC ("KLG") appointed as Interim Class Counsel.

The Court being fully advised and for good cause shown, the Motion is hereby **GRANTED**.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 23(g)(3) permits district courts "to designate an interim counsel to act on behalf of the putative class before determining whether to move for class certification." Fed. R. Civ. P. 26(g)(3). In designating interim class counsel, courts consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A district court may also consider

1

"any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## II.    ANALYSIS

To determine whether to appoint Kazerouni Law Group, APC as interim class counsel, the Court considers in turn the four factors set forth in Rule 23(g)(1).

First, the Court looks to the work KLG has done investigating or identifying potential claims in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). To date, KLG "conducted significant investigatory work including discovery requests and multiple meetings with Defendant's counsel." Motion ("Mot.") at p. 4. Because these efforts have informed the allegations and complaint against Defendant, the first factor weighs in favor of appointing KLG as interim lead class counsel.

Second, the Court considers KLG's relevant experience in class actions, complex litigation, and all other relevant experience. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). As dictated in the declarations of Ryan L. McBride and Abbas Kazerounian, KLG has years of extensive experience with prosecuting consumer class actions and other complex litigation. *See* Mot. at pp. 4-5.

Third, the Court considers KLG's knowledge of the applicable law at issue. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). KLG has significant expertise with the Telephone Consumer Protection Act ("TCPA"). Indeed, KLG has years of experience prosecuting and settling class action lawsuits under the TCPA. *See* Mot. at p. 6. Moreover, both named attorneys are regularly invited to speak and lecture on topics related to the TCPA. *See id*.

Finally, the federal rules require that the Court consider the resources KLG will commit in its representation of the putative classes. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). KLG has experience funding large class actions and committing the staffing necessary to prosecute complex class actions. *See* Mot. at pp. 7-8. KLG has shown its willingness to not only commit knowledgeable and

experienced staffing to this litigation, but to utilize all resources including other counsel if needed. *See id*. As such, the fourth factor weighs in favor of appointing KLG as interim class counsel.

**CONCLUSION**

Accordingly, this Court **GRANTS** the motion and **APPOINTS** Ryan L. McBride and Abbas Kazerounian of Kazerouni Law Group, APC as interim class counsel. Interim class counsel shall have the responsibility for, and authority over, the following matters for this action and any subsequently related cases:

a. The initiation, response, scheduling, briefing, and argument related to all pleadings or motions;

b. The scope, order, and conduct of all discovery proceedings;

c. Communicating with the Court, Defendant's counsel, putative class members, and all plaintiffs and plaintiffs' counsel in any related matters;

d. Ensuring all work by plaintiffs' counsel in this case and any other related cases is in the best interest of the plaintiffs and the proposed classes and are based on the qualifications and expertise of the persons assigned particular tasks or responsibilities, counsel's knowledge of the law, facts and issues, efficiency, and cost effectiveness;

e. Directing, supervising and monitoring the activities of additional plaintiffs' counsel, if any, and implementing procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

f. Employing and consulting with experts;

g. Conducting settlement discussions with Defendant on behalf of the plaintiffs and the proposed classes in this case and any other related cases to resolve this litigation as interim lead class counsel deem appropriate, subject to approval of this Court where

3

required;

h.  Assessing litigation costs, as appropriate, and collecting such assessments;

i.  Reviewing time, lodestar, and expense reports from plaintiffs' counsel in this case and any other related cases, including paralegals and other staff members, at monthly intervals;

j.  Allocating attorneys' fees and costs among plaintiffs' counsel in this case and any other related cases; and

k.  Overseeing the conduct of the litigation in this case and any other related matters so that it proceeds smoothly and efficiently and performing such other duties as necessary or as authorized by further order of the Court.

In light of Kazerouni Law Group, APC's appointment as interim class counsel, the Court will hold Ryan L. McBride and Abbas Kazerounian accountable for fulfilling these responsibilities until a class or classes have been certified and class counsel is appointed on a non-interim basis.

**IT IS SO ORDERED.**


Dated:

_____
HON. JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE