**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Seth Steidinger et al., *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Blackstone Medical Services, LLC,<br><br>Defendant. | Civil Action No.:  1:24-cv-01074-JBM |

**PLAINTIFFS SETH STEIDINGER AND NATASHA KOLLER'S RESPONSE IN OPPOSITION TO JOSEPH JONES'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**

Plaintiffs Seth Steidinger ("Steidinger") and Natasha Koller ("Koller," and together with Steidinger, the "First Plaintiffs"), through counsel, hereby oppose Plaintiff Joseph Jones's ("Jones") motion to appoint interim lead class counsel.  For the reasons discussed below, Jones's claims should be stayed pursuant to the 'first-to-file' doctrine and his counsel's motion should be denied.  In the alternative, undersigned counsel for Steidinger and Koller – Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC – should be appointed interim lead class counsel.

**INTRODUCTION**

In February 2024, Steidinger and Koller filed putative class action lawsuits against Defendant Blackstone Medical Services, LLC ("Blackstone" or "Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA").  Shortly thereafter, Steidinger, Koller and their counsel reached an agreement to jointly prosecute their claims.  They then worked together to file an amended complaint consolidating

their claims, they successfully opposed Blackstone's motion to dismiss, and prepared a second amended complaint.

More than three months after Steidinger and Koller filed suit, Jones filed a copycat lawsuit alleging the same claims on behalf of the same putative class against Blackstone in the Middle District of Florida. The Florida Court has already held that Jones's claims are subject to the first-to-file doctrine because he filed suit months after the First Plaintiffs and the parties and issues in both cases are sufficiently similar. *Jones v. Blackstone Med. Servs., LLC,* 2024 WL 4732705 (M.D. Fla. Nov. 11, 2024). Accordingly, Jones's claims were transferred to this Court to determine whether his claims should be subject to "dismissal, stay, transfer, or consolidation." *Id.*, at *4.

This Court should stay Jones's claims pending the outcome of Steidinger and Koller's claims because Jones's claims are duplicative of the First Plaintiffs' claims and the classes they seek to represent, and adding an additional plaintiff will unnecessarily complicate the issues, make the case more burdensome, and waste party and judicial resources with no benefit to the putative classes. *See Bouas v. Harley-Davidson Motor Co. Grp*., LLC, 2020 WL 2334336, at *1 (S.D. Ill. May 11, 2020) (staying later-filed lawsuit pending outcome of earlier-filed suit addressing same issues is appropriate under Seventh Circuit law) (citing *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011)). Jones will not be unduly prejudiced by a stay as he is a member of the putative classes Steidinger and Koller seek to represent, if the classes are certified he will have an opportunity to join or opt out, and his claims will remain pending in the interim. *See Hussein v. Adidas Am., Inc.*, 2023 WL 8787791, at *3 (N.D. Ill. Dec. 19, 2023) (staying later-filed case and finding no undue prejudice to later-filed plaintiff).

In the alternative, if Jones's claims are not stayed, then the Court should appoint Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC as interim lead

class counsel, not Jones's counsel. Steidinger and Koller's counsel are all seasoned class action litigators with ample experience serving as class counsel in consumer class actions including TCPA class actions. They have vigorously investigated and litigated this case against Blackstone and can devote the resources necessary to represent the putative classes. Moreover, they filed the first cases against Blackstone, represent the majority of the plaintiffs in this case, and had already reached an agreement to cooperatively prosecute these cases before Jones filed suit. *See In re Folgers Coffee, Mktg. Litig.*, 2021 WL 7906854, at *2 (W.D. Mo. June 7, 2021) (noting "courts, when deciding between two qualified groups of attorneys to appoint as interim class counsel, have used the status of one group as the first to file as an 'objective tie-breaker' in that group's favor" and appointing as interim class counsel that "represents the majority of the Plaintiffs, cases, and attorneys in this litigation.") (collecting cases).

## BACKGROUND

On February 12, 2024 and February 14, 2024, after conducting a thorough pre-suit investigation, Plaintiff Steidinger and Plaintiff Koller each filed putative class action complaints against Blackstone for violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") arising out of Blackstone's practice of placing telemarketing calls and text messages to consumers who have previously asked Blackstone to stop contacting them. Dkt. No. 1; *Koller v. Blackstone Medical Services, LLC*, No. 8:24-cv-00433-TPN-NHA (M.D. Fla., Feb. 16, 2024) (ECF No. 1).

Steidinger, Koller and the putative classes they seek to certify are represented by three law firms each of which has ample experience acting as class counsel in contested and settlement proceedings, including in class actions involving the TCPA and other consumer protection statutes,

3

and who have the resources necessary to prosecute these class actions. (Lemberg Decl. ¶¶ 1-8; Owens Decl. ¶¶ 1-12; Wochholz Decl. ¶¶ 1-7).

In March 2024, counsel for Steidinger and Koller conferred and agreed to jointly prosecute this action together given that their claims and the putative classes they seek to represent are substantially similar. (Lemberg Decl. ¶ 11). They worked together to jointly prepare a First Amended Complaint combining their respective allegations and claims against Blackstone which they filed on April 5, 2024. (Dkt. No. 6).

On May 3, 2024, Blackstone moved to dismiss the Amended Complaint. (Dkt. No. 9) On May 24, 2024, Steidinger and Koller jointly filed an Opposition to the motion to dismiss. (Dkt. No. 12).

On December 12, 2024, the Court issued its Order and Opinion granting in part and denying in part Blackstone's motion. (Dk. No. 15). The Court either denied Blackstone's motion or dismissed Plaintiffs' claims without prejudice. *Id.* Consistent with the Court's Opinion, Steidinger and Koller worked together to file a Second Amended Class Action Complaint on December 31, 2024. (Dkt. No. 17).

The Court has not yet set a Scheduling Conference.

***The Jones Case***

On May 28, 2024 – 3+ months after Steidinger and Koller filed their lawsuits and after they had already filed their First Amended Complaint and opposed Blackstone's motion to dismiss – Plaintiff Jones filed a copycat lawsuit in the Middle District of Florida. *Jones v. Blackstone Medical Services, LLC*, No. 1:24-cv-01456 (May 28, 2024) ECF No. 1).

On July 16, 2024, Blackstone moved to transfer the Jones action to this Court under the first-filed doctrine in light of the earlier-filed case filed by Steidinger and Koller. *Id.* at ECF No. 26. Jones opposed the motion to transfer.

On November 11, 2024, Hon. Paul G. Byron of the Middle District of Florida granted Blackstone's motion to transfer. *Jones v. Blackstone Med. Servs., LLC,* 2024 WL 4732705 (M.D. Fla. Nov. 11, 2024). In his Order, Judge Byron rejected Jones's argument that his case and Steidinger and Koller's claims were "filed so close in proximity as to make any repercussions based on the chronology of the actions negligible" and instead found that the chronology of the filing of the actions support application of the first-filed doctrine. *Id.,* at *3. The Court additionally held that "the parties are sufficiently similar so as to satisfy the second prong of the first-filed rule" and the *Jones* action "presents sufficiently similar issues" as Steidinger and Koller's case. *Id.*, at *4. Thus, the Court found "a clear likelihood of substantial overlap between the subject Cases." *Id.* Moreover, the Court rejected Jones's arguments that "compelling circumstances" justify departing from the first-filed doctrine, and held that "the Illinois court must determine how [the *Jones* matter] shall proceed in terms of a dismissal, stay, transfer, or consolidation." *Id.*

No court has ruled on Blackstone's motion to dismiss Jones's complaint.

**ARGUMENT**

I. **STANDARD**

Under the 'first-filed' doctrine, when there are "two identical, or nearly identical cases" the first case "'should be allowed to proceed and the second should be abated.'" *Clendenen v. Steak N Shake Operations, Inc.,* 2017 WL 1968604, at *2 (C.D. Ill. May 12, 2017) (quoting *Asset Allocation & Mgmt., Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989)). Courts have discretion to stay or dismiss duplicative lawsuits under the doctrine. *See Great West Casualty Company v. Ross Wilson Trucking*, 2017 WL 707484, at *4 (C.D. Ill. Feb. 22, 2017). The doctrine

applies to cases pending in the same District. *See Guill v. All. Res. Partners, L.P.*, 2017 WL 1132613, at \*2 (S.D. Ill. Mar. 27, 2017) (collecting cases).

## II. JONES'S CLAIMS SHOULD BE STAYED PENDING THE RESOLUTION OF STEIDINGER AND KOLLER'S CASE

As the Middle District of Florida has already held, the first-to-file doctrine applies to Jones's copycat claims filed more than three months after Steidinger and Koller filed this action. *See Jones v. Blackstone Med. Servs., LLC,* 2024 WL 4732705 (M.D. Fla. Nov. 11, 2024). When the first-to-file doctrine is applicable, courts in this Circuit consistently stay the later-filed case pending resolution of the earlier-filed cases. *See, e.g., Askin v. Quaker Oats Co.*, 2012 WL 517491, at \*5-6 (N.D. Ill. Feb. 15, 2012) (staying later-filed case under first-to-file rule where, *inter alia*, court in first-filed case "already issued at least one opinion addressing substantive issues presented here."); *Hussein*, 2023 WL 8787791, at \*3 (staying later-filed case); *Bouas v. Harley-Davidson Motor Co. Grp., LLC*, 2020 WL 2334336, at \*2 (S.D. Ill. May 11, 2020) (same); *Nicholson v. Nationstar Mortg. LLC of Delaware,* 2018 WL 3344408, at \*9-10 (N.D. Ill. July 6, 2018) (same).

Staying Jones's claims is appropriate here. Steidinger and Jones have already reached an agreement to work together to prosecute their claims with able counsel. They have already jointly filed two amended complaints for their claims and successfully opposed Blackstone's motion to dismiss. Meanwhile, Jones filed his own copycat claims months after Steidinger and Koller, and is attempting to hijack this case via his motion for appointment of interim class counsel. It would be inefficient, a waste of party and judicial resources, and result in unnecessary additional burden to the parties to this case to allow Jone's identical claims to proceed alongside Steidinger and Koller's claims.

Moreover, "a stay will not unduly prejudice or tactically disadvantage" Jones because he "falls within the putative class[es]" in this case, he will "have the opportunity to join or opt out of

any class that is certified or class settlement that may be reached" and his "claims will remain pending against" Blackstone while the First Plaintiffs' claims proceed. *Hussein*, 2023 WL 8787791, at \*2; *see also Nicholson,* 2018 WL 3344408, at \*9 (staying later-filed cases will not unduly prejudice or disadvantage later-filed plaintiffs).

Accordingly, the Court should stay Jones's claims under the first-to-file rule pending resolution of Steidinger and Koller's claims.

### III. IN THE ALTERNATIVE, THE COURT SHOULD APPOINT LEMBERG LAW, LLC, SCOTT D. OWENS, P.A, AND THE CONSUMER RIGHTS LAW GROUP, PLLC AS INTERIM LEAD CLASS COUNSEL

Although the Court should stay Jones's claims for the reasons discussed above, in the alternative the Court should deny Jones's motion and instead appoint Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC, as interim lead class counsel as these law firms are well-qualified to represent the putative classes, have ample experience serving as class counsel, and have the resources necessary to pursue this action. (Lemberg Decl. ¶¶ 9-11; Owens Decl. ¶¶ 1-12; Wochholz Decl. ¶¶ 1-10). They have vigorously pursued this case, conducted a thorough pre-suit investigation, filed two well-pleaded class action complaints together, and were largely successful in opposing Blackstone's motion to dismiss. (Lemberg Decl. ¶¶ 1-8; Owens Decl. ¶¶ 13-16; Wochholz Decl. ¶ 8). Moreover, they have already reached an amicable agreement to jointly prosecute the case, they were the first to file, and they represent the majority of the plaintiffs in this consolidated action.

Steidinger and Koller do not dispute that Jones's counsel also has experiencing serving as class counsel in TCPA actions. However, where there is more than one qualified applicant for

7

lead counsel, appointing the law firms[1] that filed the first lawsuits and represent the majority of the plaintiffs – here Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC – is warranted. *See, e.g., Walker v. Discover Fin. Servs.,* 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) (appointing law firms as interim class counsel that "were the first to file putative class-action complaints" against defendant and thus "have been involved in this litigation for the longest time period and have performed the most work in identifying and investigating potential claims."); *In re Folgers Coffee, Mktg. Litig.*, 2021 WL 7906854, at *2 (W.D. Mo. June 7, 2021) ("courts, when deciding between two qualified groups of attorneys to appoint as interim class counsel, have used the status of one group as the first to file as an 'objective tie-breaker' in that group's favor" and noting that appointed interim class counsel "represents the majority of the Plaintiffs, cases, and attorneys in this litigation.") (collecting cases); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("the Court has little difficulty concluding that all of the law firms are more than qualified to handle this action and have adequate resources to pursue this litigation. Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should deny Jones's motion and stay Jones's claims pending the outcome of Plaintiffs Steidinger and Koller's claims. In the alternative, the Court should appoint Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC as interim lead class counsel.

Dated: February 12, 2025                                        Respectfully submitted,

                                                By      */s/ Sergei Lemberg*
                                                        Sergei Lemberg

---

[1] "[I]t is not unusual for multiple firms to serve as interim co-lead counsel." *Moehrl v. Nat'l Ass'n of Realtors*, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (collecting cases).

LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

By: /s/ Scott D. Owens
Scott D. Owens
Florida Bar No. 0597651 (to file *PHV*)
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Ste. 209A
Hollywood, FL 33020
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

By: /s/Kimberly H. Wochholz
Kimberly H. Wochholz
Fla. Bar No. 0092159 (to file *PHV*)
The Consumer Rights Law Group, PLLC
P.O. Box 5326
Sun City Center, FL 33571
Phone: 813-413-5710
Fax: 866-535-7199
Kim@ConsumerRightsLawGroup.com

*Attorneys for Plaintiffs Steidinger and Koller*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 12, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the ECF system which gave notice of such filing to all parties of record.

*/s/ Sergei Lemberg*
Sergei Lemberg
