**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| Seth Steidinger et al., *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Blackstone Medical Services, LLC,<br><br>Defendant. | Civil Action No**.:**  1:24-cv-01074-JBM |

**DECLARATION OF SERGEI LEMBERG IN SUPPORT OF  PLAINTIFFS SETH STEIDINGER AND NATASHA KOLLER'S RESPONSE IN OPPOSITION TO JOSEPH JONES'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.      I am the principal of Lemberg Law, LLC ("Lemberg Law").  I am a consumer rights attorney experienced in prosecuting actions under various federal and state consumer protection statutes. I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2.      I graduated from Brandeis University in 1997 and from the University of Pennsylvania School of Law in 2001. I am a member in good standing of the bars of, Connecticut, Florida, Georgia, Massachusetts, New Jersey, New York, and Pennsylvania. I am also admitted to practice before the First, Second, Third, Fourth, Fifth, Seventh, Ninth and Eleventh Circuit Courts of Appeal. I am admitted to practice before the following Federal courts: the District of Massachusetts, Eastern and Western Districts of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the Northern, Central and Southern Districts of Illinois;

1

the District of Maryland; the Eastern and Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the Northern, Southern, Eastern and Western Districts of New York; the Northern District of Ohio; the Northern, Eastern and Western Districts of Oklahoma; the Western District of Texas and the Eastern, Middle and Western Districts of Pennsylvania.

3. My firm's decisions on consumer right's matters include but are not limited to: *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th Cir. Jan. 23, 2014); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992 (D.N.M. Oct. 19, 2016); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013); *Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011); *Davis v. Diversified Consultants, Inc.*, 2014 WL 2944864 (D. Mass. June 27, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666 (D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012).

4. I have repeatedly been certified as class counsel, in both contested proceedings and in settlement, in consumer protection lawsuits including those under the TCPA. *See, e.g., Johnson v. Comodo Grp., Inc.*, 2020 WL 525898 (D.N.J. Jan. 31, 2020) (contested certification of TCPA class action); *Munday v. Navy Federal Credit Union*, 15-cv-01629 (C.D. Cal., July 14, 2017) (ECF No. 60) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement

of $10MM common fund in TCPA action); *In Re: Convergent Telephone Consumer Protection Act Litigation*, 3:13-md-02478 (D. Conn., November 10, 2016) (ECF No. 268) (final approval of class settlement consisting of $5.5MM common fund and injunctive relief in TCPA action); *Sanchez et al. v. Kia Motors Am., Inc.*, 2024 WL 4730654 (C.D. Cal. Nov. 7, 2024) (contested class certification; certifying 10 state classes of more than 100,000 automobile purchasers and lessees bringing consumer protection and breach of warranty claims); *Riley v. Gen. Motors LLC*, 2024 WL 1256056 (S.D. Ohio Mar. 25, 2024) (contested class certification of class of Ohio vehicle owners brining breach of warranty claims); *Carlson v. Target Enter., Inc.*, 2020 WL 1332839 (D. Mass. Mar. 23, 2020) (final approval of class action settlement for alleged violations of Chapter 93A and 940 C.M.R. § 7.04(1)(f)); *Jefferson v. General Motors, LLC,* 2023 WL 3397415 (W.D. Tenn. May 11, 2023) (contested class certification of class of Tennessee class vehicle owners bringing breach of warranty claims); *Guthrie et al. v. Mazda Motor of America, Inc.,* No. 8:22-cv-01055-DOC-DFM (C.D. Cal. Oct. 8., 2024) (ECF No. 167) (settlement class counsel representing nationwide class of approximately 86,000 vehicle purchasers and lessees bringing consumer protection and breach of warranty claims); *Sherrod et al. v. Volkswagen Group of America, Inc., and Audi of America, Inc.*, et al., No. 2:22-cv-01537-JSA (D.N.J Jan. 22, 2025) (ECF No. 124) (settlement class counsel co-counsel representing nationwide class of approximately 305,000 members alleging consumer protection and breach of warranty claims); *Sager, et al. v. Volkswagen Group of America, Inc., and Audi of America, Inc.*, 18-cv-13556 (D.N.J) (settlement class counsel representing nationwide class of approximately 340,000 members alleging breach of various warranties and state consumer law owing to allegedly defective after-run electric coolant pumps); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Oberther v. Midland Credit Management*, 14-cv-30014 (D. Mass. July 13, 2016)

(ECF No. 90) (Fair Debt Collection Practice Act ("FDCPA") class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (FDCPA class action); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Douma v. Law Offices of Mitchell N. Kay P.C.*, 09-cv-9957 (S.D.N.Y.) (FDCPA class action); *Waiters v. Collection Tech., Inc.*, 10-cv-02514 (S.D.N.Y.) (FDCPA class action).

5.    I have co-authored the definitive compilation of form complaints in Connecticut, Connecticut Civil Complaints for Business Litigation, contributing form complaints for the Lemon Law and Auto Fraud sections.

6.    I have been interviewed and asked to contribute on multiple occasions by the media regarding various matters that I worked on, such as the Boston Herald, NorthJersey.com, Newsweek, The Leader Herald, PatriotLedger.com, Law360, Texas Lawyer, ABC News, Chanel 7 in Boston, McClatchy, AOL Autos, Connecticut Law Tribune, Philly.com, the Los Angeles Times, Consumer Reports.org, Syracuse.com, Daily News, Harford Advocate.com and the Boston Herald.

7.    I am also the former Chair of the Consumer Law Section of the Connecticut Bar Association. I held that position from 2014 to 2015. I have been a guest speaker at the Professional Association for Customer Engagement conference in 2014 and the National Debt Collection Forum in 2016. In both instances I spoke about best practices that should be or are adopted in the debt collection profession from the perspective of a consumer advocate.

8.    My and my firm's experience with consumer class actions generally, and TCPA class actions specifically, is more than sufficient to act as interim lead class counsel in this case. I

and my firm are dedicated to spending the time and resources necessary to successfully represent the putative classes in this case.

9. We have litigated this case with and on behalf of Plaintiffs and the putative class since January 2024 when Plaintiff Steidinger contacted my office.

10. Before filing suit we conducted an extensive pre-suit investigation which included analyzing and researching Blackstone's business structure and practices including its telemarketing, interviewing Plaintiff and other consumers who had received unwanted telemarketing communications from Blackstone, analyzing potential legal claims, researching complains made by other consumers concerning Blackstone's telemarketing, and drafting the class action complaint.

11. After we filed suit on behalf of Plaintiff Steidinger, in March 2024 my firm conferred with and reached an agreement with counsel for Plaintiff Koller – Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC – to jointly prosecute this case on behalf of Plaintiffs Steidinger, Koller and the putative classes they seek to represent. Since then my firm and lawyers from the Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC law firms have worked cooperatively ligate this case and delegate work, including jointly preparing two amended complaints and Plaintiffs' opposition to Blackstone's motion to dismiss.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: February 12, 2025          By: */s/ Sergei Lemberg*  
                                       Sergei Lemberg