**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

Seth Steidinger et al.,  Case No. 1:24-cv-01074-JBM

            Plaintiffs,

v.

Blackstone Medical Services, LLC,

            Defendant.

_____ /

**PLAINTIFF JOSEPH JONES' REPLY TO PLAINTIFFS SETH STEIDINGER
AND NATASHA KOLLER'S RESPONSE IN OPPOSITION TO JOSEPH JONES'S
MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**

Plaintiff Joseph Jones, individually and on behalf of all others similarly situated ("Jones") hereby replies to Plaintiffs Seth Steidinger ("Steidinger") and Natasha Koller's ("Koller") (together referred to as just "Steidinger") response in opposition to Joseph Jones' Motion to Appoint Kazerouni Law Group, APC as Interim Lead Class Counsel. In Steidinger's response, he simultaneously included a Motion to Stay and an untimely Motion to Appoint Interim Lead Class Counsel.[1] To the extent this Court considers these motions valid, Plaintiff Jones hereby replies in opposition.

///

///

///

---

[1] Aside from the procedural abnormality itself, Steidinger's Motion to Appoint Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC, as interim lead counsel is only two paragraphs. (Doc. 22 at 7-8). This Court specifically ordered on January 17, 2025, that "[a]ny motion or joint stipulation for the appointment of Interim Lead Class Counsel…shall be filed within 14 days of the date of this Text Order." (Doc. 18). As Lemberg Law, LLC, Scott D. Owens, P.A., and The Consumer Rights Law Group, PLLC all missed this deadline, they attempt to bypass this Court's order—without requesting a motion to extend the deadline—through Plaintiff Jones's timely Motion.

1

## I.    REPLY

### A.  The Motion to Stay is Improper

Steidinger's Motion to Stay is improper in that it seeks to stay a consolidated action. On January 7, 2025, this Court consolidated *Jones v. Blackstone Medical Services, LLC*, 1:24-cv-01456-JBM into the instant Case No. 1:24-cv-01074-JBM. (Doc. 17). Notably, "[n]o plaintiff oppose[d] this consolidation." *Id*. This Court subsequently requested that the parties file motion for the appointment of Interim Lead Class Counsel by the end of January. (Doc. 18). Counsel for Plaintiff Jones timely filed his Motion on January 29, 2025. (Doc. 20). To date, Steidinger has not filed any motion for appointment as Interim Lead Class Counsel. Furthermore, counsel for Steidinger have refused to file a consolidated complaint, despite Jones's counsel offering to take the lead. (Doc. 21 at 1-2).

Not only could Steidinger have voiced his objection to consolidation, but his counsel could have moved for appointment as lead interim class counsel. His counsel did neither. Moreover, counsel for Steidinger has repeatedly refused to work with Plaintiff Jones, despite counsel for Jones welcoming the opportunity on numerous occasions. (*See* Doc. 20 (Jones counsel offering to work prior to consolidation on these cases as well as offering to work together as Joint interim lead class counsel), 21 (Jones offering to draft the consolidated complaint)). Instead, Steidinger now attempts to slip in a Motion to Stay within its response to Jones's Motion for Interim Lead Class Counsel. As Plaintiff Jones's claims are now consolidated under the same action, such a request does not make sense. It is akin to a request to stay their own case. If it is even possible, it would be wholly prejudicial. By granting a motion to stay against Jones at this juncture, Plaintiff Jones—due to a procedural technicality—would be unable to proceed on his claims without dismissal and

refiling. Additionally, a stay prevents timely adjudication of Plaintiff Jones's claims.[2] Plaintiff Jones has already made discovery exchanges with Defendant. To indefinitely stay his case amid discovery not only removes its momentum but creates the possibility for stale evidence.

**B. Counsel for Plaintiff Steidinger Has Still Not Filed a Motion to Appoint them as Interim Lead Class Counsel**

As addressed above, Counsel for Steidinger not only attempts to slip in a Motion to Stay, but *also* a Motion for Appointment of Interim Class Counsel into their response to Jones. Their argument—only two paragraphs long—is patently deficient. It is indeed questionable how, with three distinct legal entities involved, counsel for Steidinger failed to file a Motion for Appointment in accordance with this Court's order and failed to object to consolidation. As described in the Jones Motion to Appoint Interim Lead Counsel, Kazerouni Law Group, APC is ready and willing to dedicate the time and resources necessary to thoroughly and expeditiously litigate this matter. Indeed, counsel for Steidinger acknowledge in their response that counsel for Jones is qualified to be interim lead counsel. (*See* Doc. 22 at 7). Moreover, the *Jones* matter had already proceeded ahead of *Steidinger* before the cases were consolidated. Accordingly, this Court should not consider counsel for Steidinger as Interim Lead Class Counsel.

///

///

///

///

///

///

---

[2] Steidinger refers to Jones's claims as "copycat" four times in his response. (Doc. 22 at 2, 4, 6). This characterization is false. Counsel for Jones had been working *with Jones* on these claims prior to February 12, 2024, when Steidinger filed his first complaint. Should it be necessary, Counsel for Jones can corroborate this assertion.

**II. CONCLUSION**

For all of the reasons stated above, Plaintiff respectfully requests that this Court reject Steidinger's Motion to Stay and appoint Abbas Kazerounian and Ryan McBride of Kazerouni Law Group, APC as Interim Class Counsel.

Dated: February 19, 2025        Respectfully submitted,

By: /s/ Ryan L. McBride

Ryan L. McBride, Esq.
Kazerouni Law Group, APC
2221 Camino del Rio S, Suite 101
San Diego, CA 92108
(p) 800-400-6808
(f) 800-520-5523