**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| SETH STEIDINGER and NATASHA KOLLER, on behalf of themselves and all others similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> BLACKSTONE MEDICAL SERVICES, <br>     Defendant. | Case No. 1:24-cv-01074-JEH |
| JOSEPH JONES, individually and on behalf of all others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> BLACKSTONE MEDICAL SERVICES, LLC <br>     Defendant. | Case No. 1:24-cv-01456-JEH |

**Order**

Now before the Court is Plaintiff Joseph Jones's Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g) (D. 20 & D. 45).[1] The matter is fully briefed, and for the reasons set forth, *infra*, Plaintiff Jones's Motion is GRANTED.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___." The second citation is to *Jones v. Blackstone Medical Services, LLC*, No. 1:24-cv-01456-JEH (C.D. Ill.)

Plaintiff Seth Steidinger originally filed his class action complaint in this Court against Defendant Blackstone Medical Services, LLC on February 14, 2024 alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227 *et seq.* On April 5, 2024, Plaintiff Steidinger filed a First Amended Class Action Complaint in which Plaintiff Natasha Koller was added as a named plaintiff (Steidinger Plaintiffs), and the Plaintiffs alleged violations of the TCPA as well as the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059.[2] The Defendant's May 3, 2024 motion to dismiss the Plaintiffs' First Amended Class Action Complaint was granted in part and denied in part on December 12, 2024.

Meanwhile, on November 12, 2024, Joseph Jones's class action alleging violations of the TCPA and FTSA that was originally filed in the U.S. District Court for the Middle District of Florida on May 28, 2024 was transferred to this Court. *Jones v. Blackstone Medical Services, LLC*, No. 1:24-cv-01456-JEH (C.D. Ill.). On December 23, 2024, the Defendant filed its Unopposed Motion to Consolidate Cases in both the Steidinger Plaintiffs' and Jones's cases. The Unopposed Motion provided the Steidinger Plaintiffs did not oppose the consolidation of the Jones case into theirs "for all purposes," *Steidinger* (D. 16 at ECF p. 1), and Plaintiff Jones did not oppose the Motion to consolidate either. *Jones* (D. 43 at ECF p. 1). The Court, in granting the motion to consolidate on January 7, 2025, stated "No plaintiff opposes this consolidation" and kept "in mind the principles of judicial economy and weighing whether any party would be prejudiced by [the] consolidation." *See* 1/7/2025 Text Order in *Steidinger*, 1:24-cv-01074-JEH; *see also* 1/7/2025 Text Order in *Jones*, 1:24-cv-01456-JEH (stating the relevant factors under

---

[2] Plaintiff Koller originally filed her own putative class action complaint against Defendant Blackstone for violations of the TCPA and FTSA on February 16, 2024 in the U.S. District Court for the Middle District of Florida. *See* (D. 22 at ECF p. 3).

Federal Rule of Civil Procedure 42 and Civil Local Rule 42.1 were considered to find consolidation appropriate). The Court directed in the *Jones* case that "[a]ll further filings shall be made in Case No. 24-1074."

The Steidinger Plaintiffs went ahead and filed a Second Amended Class Action Complaint (D. 17), in advance of their 21-day deadline to do so, on December 31, 2024. On January 17, 2025, the Court set a deadline of January 31, 2025 for any motion or joint stipulation for the appointment of interim lead class counsel to be filed and directed the Steidinger Plaintiffs and Plaintiff Jones to file a status report indicating whether they intended to file a consolidated complaint. On January 29, 2025, Plaintiff Jones filed the instant Motion to Appoint Interim Lead Class Counsel. The Steidinger Plaintiffs' Status Report set forth their position – it is not appropriate at this time to convert their Second Amended Complaint in this action to add Jones's allegations – and Plaintiff Jones's position – it would be a waste of judicial resources to have two competing operative complaints in the case running simultaneously.

As an initial matter, the Court notes the Steidinger Plaintiffs' assertion that the Court should stay Plaintiff Jones's claims pending the outcome of their claims. A stay of Jones's claims is not warranted here. The Steidinger Plaintiffs' case and his were, *without any opposition,* consolidated for all purposes. The Court, in ruling on the motion to consolidate, already contemplated the principles of judicial economy and whether any party would be prejudiced by the consolidation and nevertheless found in favor of consolidation. Thus, the Steidinger Plaintiffs' arguments as to potentially wasted judicial and party resources if a stay is *not* entered and the lack of prejudice to Jones if a stay *is* entered are unpersuasive. So too are the Steidinger Plaintiffs' cited cases which involved the question of

whether to impose a stay in one court where a previously filed, substantially similar class action was pending in *another* federal court.[3]

**II**

Federal Rule of Civil Procedure 23(g)(3) provides, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, a court must consider: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A)(i)-(iv); *see Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) ("Courts have applied the same considerations as set out in Rule 23(g)(1)(A), which governs the appointment of class counsel once a class is certified, to the designation of interim class counsel before certification.").

With regard to the first consideration, Plaintiff Jones's counsel, Abbas Kazerounian and Ryan L. McBride of the Kazerouni Law Group, APC, have worked on Jones's case since their firm was retained. Mr. Kazerounian has been substantially involved in several major aspects of the litigation while Mr. McBride has been as well including client outreach, research, case strategy, negotiations, drafting the complaint, drafting and responding to discovery, meeting and conferring with opposing counsel, and reviewing case documents in both the original *Jones* action arising out of Florida and the instant action in this Court. The

---

[3] The Steidinger Plaintiffs state the first-to-file doctrine permitting a district court to dismiss or stay a suit when duplicative of a parallel action already pending in another federal court applies to cases pending in the same district. However, their cited authority is an unreported case from the Southern District of Illinois, and that case did not cite any Seventh Circuit cases or those from district courts within the Seventh Circuit. *See* Steidinger Plfs' Resp. (D. 22 at ECF pp. 5-6).

Steidinger Plaintiffs' counsel, Lemberg Law, LLC, Scott D. Owens, P.A.[4], and The Consumer Rights Law Group, PLLC, have, per Mr. Lemberg from January 2024, vigorously pursued this case via pre-suit investigation, filing class action complaints separately (and then together here), and opposing the Defendant's motion to dismiss in this Court. The work respective counsel has expended on their clients' behalf is relatively equal, though the scales tip more toward the Kazerouni firm in light of the fact that discovery had already commenced in Jones's case before it was transferred.

As for the second and third considerations, the Court finds, based upon the attached Declarations, that all Plaintiffs' counsel have sufficient experience handling class actions, other complex litigation, and TCPA claims asserted in the action. Similarly, all Plaintiffs' counsel have knowledge of the applicable law. Plaintiff Jones's attorney Abbas Kazerounian has many times over litigated class actions claiming TCPA violations and has been a speaker or panelist on the TCPA, and Jones's attorney Mr. McBride has spoken on the topic of TCPA class certification and has undergone extensive training in the area of consumer rights. The Steidinger Plaintiffs' attorney Sergei Lemberg has ample experience litigating TCPA and other consumer protection class actions in addition to his speaking engagements including on best practices in the debt collection profession. The Steidinger Plaintiffs' attorney Scott D. Owens has regularly attended consumer law seminars and has for many years represented persons in consumer rights litigation in both state and federal court. Their attorney Kimberly H. Wochholz's firm exclusively represents consumers with a practice focus on the prosecution of consumer protection claims including the TCPA.

---

[4] Mr. Owens states in his Declaration that he is "admitted via entry of special appearance" in the instant case on behalf of Plaintiff Koller. There is no appearance on file in this case for Mr. Owens, he does not appear in the docket's caption, he has not been admitted to practice in this Court, and this Court does not permit admission via special appearance. *See* Civil LR 83.5(A), (F), (G).

Finally, based upon the attorneys' Declarations, the Court does not doubt that the Steidinger Plaintiffs' and Jones's attorneys have the resources necessary to litigate this consolidated class action. Both sets of attorneys have already committed meaningful efforts towards the litigation (before and since consolidation), and both sets of attorneys represent they will dedicate/commit the resources necessary to successfully represent the Plaintiffs going forward.

The Rule 23(g)(1)(A) factors do not present the Court with a clear winner. However, other considerations, together with the above, persuade the Court to appoint Plaintiff Jones's counsel – Kazerouni Law Group, APC – as interim class counsel. *See* FED. R. CIV. P. 23(g)(1)(B) (in appointing class counsel, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class"). Though the Steidinger Plaintiffs' counsel's previous request that Jones withdraw his claims in May 2024 was declined, Jones's counsel requested the parties work together in the litigation. The Steidinger Plaintiffs' counsel did not respond. When Jones's counsel again reached out in July 2024 to discuss working together, the request was ignored. The same happened in December 2024. It is rather odd that the Steidinger Plaintiffs' counsel chose to proceed in that manner yet, upon the Defendant seeking consolidation, the Steidinger Plaintiffs did not oppose the motion. The Steidinger Plaintiffs' request to stay Jones's case at this time also strikes the Court as odd in light of their non-opposition to consolidation. Their continued apparent reluctance to work together with Jones's counsel in drafting a consolidated complaint – who volunteered to take the lead on drafting it – is concerning. The fact is that these cases are consolidated for all purposes with all filings to now be made in 1:24-cv-01074-JEH. Counsel for all Plaintiffs must continue moving them forward as one if the reasons for consolidation are to be effectuated. Jones's counsel have shown they are eager to cooperate with the Steidinger Plaintiffs' attorneys in this case to

accomplish that task, whereas the latter's counsel exhibit a disinclination to do so. The Court finds such willingness to cooperate warrants selection of Jones' counsel as interim lead class counsel.

### III

For the reasons set forth, *supra*, Plaintiff Joseph Jones's Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g) (D. 20 & D. 45) is GRANTED. The Court appoints Abbas Kazerounian and Ryan L. McBride of the Kazerouni Law Group, APC as interim class counsel. The Steidinger Plaintiffs and Plaintiff Jones are directed to file a consolidated complaint within 21 days of the date of this Order. Defendant Blackstone Medical Services, LLC must file its answer or other responsive pleading within 14 days thereafter.

*It is so ordered.*

Entered on March 25, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE