**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| Joseph Jones, Seth Steidinger and Natasha Koller, *on behalf of themselves and all others similarly situated,* )<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01074-JEH-RLH |
| ) | |
| Blackstone Medical Services, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
BLACKSTONE'S MOTION TO DISMISS COUNTS I–IV
OF THE CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant, Blackstone Medical Services, LLC ("Blackstone"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), and pursuant to Local Civil Rule 7.1, submits this Memorandum of Law in Support of its Motion to Dismiss Counts I–IV of the Consolidated Class Action Complaint, filed by Plaintiffs, Joseph Jones, Seth Steidinger, and Natasha Koller (collectively, "Plaintiffs"), and in support states:

**INTRODUCTION**

Plaintiffs filed their Consolidated Class Action Complaint [D.E. 29] in this case, alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"). Plaintiffs, collectively, seek to represent three putative classes of plaintiffs, requesting monetary, injunctive, and declaratory relief.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), Counts I–IV of the Complaint (the TCPA claims), and Plaintiffs' requests for injunctive and declaratory relief, must be dismissed. *First*, Counts I–IV, brought under the TCPA, must be dismissed because

Plaintiffs raise only claims relating to text messages under § 227(c), which does not impose any liability for sending text messages. *Second*, Plaintiffs' requests for injunctive and declaratory relief must be dismissed because Plaintiffs have not alleged any real and immediate threat of future harm. *Third*, Plaintiffs' requests for declaratory relief should be dismissed because they are redundant to Plaintiff's requests for monetary relief.

## ARGUMENT

**A. Counts I–IV must be dismissed because Section 227(c) does not prohibit text messages.**

The TCPA, codified at 47 U.S.C. § 227, consists of two primary prohibitions, contained within § 227(b) and § 227(c), respectively. Section 227(b) prohibits certain uses of "automated telephone equipment," and § 227(c) authorizes the Federal Communications Commission ("FCC") to promulgate rules relating to "industry-based or company-specific 'do not call' systems." 47 U.S.C. § 227(c)(1)(a). Plaintiffs' lawsuit is brought exclusively under § 227(c).

As explained below, both § 227(b) and (c) regulate voice telephone calls; however, only § 227(b) regulates text messages. Section 227(c) does not apply to text messages. Because, in Counts I–IV, Plaintiffs make claims relating to text messages only under § 227(c), Counts I–IV must be dismissed.

### 1. Text messages are not regulated by § 227(c).

Section 227(c) creates a private cause of action when a person "has received more than one **telephone call** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added).

Such regulations include 47 C.F.R. § 64.1200(c), which states:

No person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the

2

national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

The other of those regulations, 47 C.F.R. § 64.1200(d) — and the only other regulation under which Plaintiffs sue Blackstone for violation of the TCPA — states:

No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). The remainder of these implementing regulations identify the "minimum standards" for procedures to maintain do-not-call lists and to check the national do-not-call registry.

Notably, the phrases "text message" and "SMS message" are wholly absent from § 227(c)(5), and its implementing regulations — 47 C.F.R. § 64.1200(c) and (d). Rather, the statute uses the terms "telephone call," "artificial or prerecorded-voice telephone call," and "call." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c), (d). Congress or the FCC, when enacting the TCPA and its regulations, respectively, could have included the term "text message" or "SMS message" in these provisions, but chose not to do so.

In stark contrast, the FCC clearly indicated its intent to regulate text messages or SMS messages under a regulation promulgated under § 227(b) (as opposed to § 227(c)), stating:

As used in this paragraph (a)(9), the term 'call' includes a text message, including a short message service (SMS) call.

47 C.F.R. § 64.1200(a)(9). **Notably, § 64.1200(a) is implemented under § 227(b) only, and not § 227(c).** Thus, by limiting this definition to § 64.1200(a), the FCC clearly indicated that, unless otherwise specified, a "call" does **not** include a "text message" or "SMS message." If "call" **did** generally include text messages or SMS messages, the FCC would have no reason

to include a definition of "call" in this circumstance — it would have no effect. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, THOMPSON/WEST (1st ed 2012), at 174 ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*).").

Congress failed to include any such language as to text messages within 47 U.S.C. § 227(c), and the FCC failed to include any such language within its implementing regulations — 47 C.F.R. § 64.1200(c) and (d). Clearly, the FCC could have included "text message" or "SMS message" within the definition of a "call," as it did in 47 C.F.R. § 64.1200(a)(9), but chose not to do so within 47 C.F.R. § 64.1200(c) and (d). The FCC intentionally omitted text messages or SMS messages from its regulations within § 64.1200(c) and (d), and § 227(c), therefore, does not regulate text messages or SMS messages.

This distinction between § 227(b) (applying to calls and texts) and (c) (applying to calls only) makes sense. As a matter of public policy, "Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls." 2003 Order, *infra*, at ¶ 165. Section 227(b) is entitled "[r]estrictions on the use of automated telephone equipment." § 227(b). Subsections (1)(A), (B) & (D), as expected, root their prohibitions in use of an automatic telephone dialing system or an artificial or prerecorded voice. § 227(b)(1)(A) ("using any automatic telephone dialing system or an artificial or prerecorded voice"); (B) ("using an artificial or prerecorded voice"); & (D) ("to use an automatic telephone dialing system").

Similar terminology is found throughout its implementing regulation: § 64.1200(a)(1) ("using an automatic telephone dialing system or an artificial or prerecorded voice); (2) ("using an automatic telephone dialing system or an artificial or prerecorded voice"); (3)

("using an artificial or prerecorded voice"); & (5) ("Use an automatic telephone dialing system").

Because "automated" and "prerecorded" calls were of a greater nuisance, it is logical and consistent that the FCC would implement regulations in support of the broader application of § 227(b)—which specifically regulates "automated telephone dialing systems"—to text messages, while § 227(c)—which does not require "automatic" or "artificial" calls—does not apply to text messages. **Accordingly, based on a plain reading of the TCPA and its implementing regulations, § 227(c) and its implementing regulations do not apply to text messages.**

**2. The FCC's 2003 Order and Plaintiffs' case law do not create liability for text messages under § 227(c).**

Plaintiffs may argue that because 47 C.F.R. § 64.1200(e) states that the rules set forth in "paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991'" (the "2003 Order"), that text messages are actionable under 47 U.S.C. § 227(c) and its implementing regulations, and that this Court must defer to the agency's order.[1] But this would be incorrect.

---

[1] The "Report and Order," which restricts and limits the application of 47 C.F.R. § 64.1200(e), was issued by the FCC on July 3, 2003 (the "2003 Order"). *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003), https://docs.fcc.gov/public/ attachments/FCC-03-153A1.pdf. Plaintiffs cite this order in paragraph 19 of the Consolidated Class Action Complaint for the proposition that "The FCC has recognized that the TCPA and implementing regulations apply to 'both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls[.]'"

While paragraph 165 of the 2003 Order indicates that, *under some circumstances*, "calls" do include "text messages," those circumstances are not present here. The 2003 Order was only addressing text messages sent using "an automatic telephone dialing system or an artificial or prerecorded message" — a practice prohibited by § 227(b), not § 227(c). *Id.* ¶ 165. In fact, paragraph 165 of the 2003 Order cites only to § 227(b) and 47 C.F.R. § 64.1200(a) — **not § 227(c) or 47 C.F.R. § 64.1200(c) or (d).** *Id.* Thus, the 2003 Order cannot be used to imply that text messages are regulated by § 227(c) or § 64.1200(c), (d).

Further, Plaintiffs may claim—as they do in paragraph 24 of the Consolidated Class Action Complaint—that *Hand v. Beach Entm't KC, LLC*, 456 F. Supp. 3d 1099 (W.D. Mo. 2020) and *Doohan v. CTB Inv'rs, LLC*, 427 F. Supp. 3d 1034 (W.D. Mo. 2019) support the general proposition that "courts have also found that text messages fall under § 64.1200(d)." Plaintiffs, again, are mistaken.

In *Hand*, the Western District of Missouri found, "A text message qualifies as a 'call' within the scope of the [TCPA]." 456 F. Supp. 3d at 1114. However, as in the 2003 Order, the *Hand* court made this finding specifically as it relates to text messages sent by an automatic telephone dialing system, which is **not** governed by § 227(c). *Id.* Moreover, to the extent Plaintiffs quote the *Hand* opinion as it relates to § 64.1200(d), the issue was not whether text messages were regulated by the TCPA; but rather, whether a cell phone user constitutes a "residential telephone subscriber." *See id.* at 1124. Thus, *Hand* is inapplicable here.

Further, to the extent Plaintiffs cite *Doohan*, that case is not relevant. The *Doohan* court addressed the definition of an "ATDS" — i.e., an "automatic telephone dialing system" — and whether the definition was unconstitutionally vague for purposes of Fifth Amendment Due Process. 427 F. Supp. 3d at 1069. As discussed at length, above, the use of an "automatic

telephone dialing system" is regulated only by § 227(b), **not** § 227(c). Thus, Plaintiff's citation to *Doohan* is likewise inapplicable here.

The relevant sections of the 2003 Order address claims arising under § 227(b) — **not** § 227(c) — and thus do not speak to facts raised in the Consolidated Class Action Complaint or the issues before this Court, and this Court should not, and need not, defer to them under the Administrative Orders Review Act (the "Hobbs Act").[2] To be clear, Blackstone argues not that the FCC misinterpreted the law, but rather that **the 2003 Order <u>does not address</u> the specific provisions of the TCPA and its regulations that are at issue in this case**. The Court's rejection of the 2003 Order further comports with the Supreme Court's recent rejection of *Chevron* deference and pronouncement that it is for the courts to say what the law is. *Loper-Bright Ent. v. Raimondo*, 144 S. Ct. 2244, 2257 (2024) (citing *Marbury v. Madison*, 1 Cranch 137, 177, 2 L. Ed 60 (1803)).

Thus, the 2003 Order and Plaintiffs' case law do not create a cause of action under § 227(c) relating to the receipt of text messages. Therefore, Counts I–IV — in which Plaintiffs seek to impose liability for text messages under § 227(c) — must be dismissed.

**B. The Court has no jurisdiction to hear Plaintiffs' requests for injunctive relief or declaratory relief because Plaintiffs make no plausible allegations of a real and immediate threat of future harm.**

To sustain a claim for injunctive relief, a plaintiff must plausibly allege facts showing a "'real and immediate' threat of future injury from the challenged conduct as opposed to a merely 'conjectural or hypothetical' threat." *Morgan v. Federal Bureau of Prisons*, 129 F.4th 1043, 1048 (7th Cir. 2025) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). As applied

---

[2] Hobbs Act (28 U.S.C. § 2342) requires a district court to accept the FCC's legal interpretations of the TCPA in a private enforcement action. Importantly here, however, the FCC rulings are inapplicable and thus no deference is in play.

to the TCPA, a plaintiff is not entitled to injunctive relief when the plaintiff fails to allege "'a real and immediate threat that he would again be' called." *Johnson v. ACA Helpline, LLC*, 2025 WL 315578, at *2 (N.D. Ind. Jan. 24, 2025) (quoting *Lyons*, 461 U.S. at 105).

Failure to sufficiently allege facts showing a "real and immediate threat" deprives the Court of jurisdiction to hear a claim for injunctive relief. Under Article III of the Constitution, the Court's jurisdiction is limited to "cases and controversies." However, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Lyons*, 461 U.S. at 102. Unless Plaintiffs can allege facts sufficient to show a present "case or controversy," Plaintiffs have no Article III standing, and the Court has no jurisdiction to hear their requests for injunctive relief. *Id.* at 101 ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy.").

For these same reasons, declaratory relief is also unavailable to Plaintiffs unless they allege a real and immediate threat of future harm. *See Cohn v. Guaranteed Rate, Inc.*, 130 F. Supp. 3d 1198, 1205 (N.D. Ill. 2015) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts, in their discretion, to render declaratory judgments only where there exists an 'actual controversy.' … When a party seeks a declaratory judgment on the basis that litigation against it is forthcoming, that party must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative."); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) ("To seek a [declaratory judgment], a party must demonstrate a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." (alteration in original)).

Here, none of Plaintiffs sufficiently allege any real or immediate threat of future harm. Jones alleges he received text messages from Blackstone between September 2022 and November 2023. Cons. Class Action Compl. [D.E. 29], ¶¶ 34–38. Steidinger alleges he received text messages from Blackstone between October 2023 and January 2024. Cons. Class Action Compl. [D.E. 29], ¶¶ 54–56. And Koller alleges she received text messages from Blackstone between July 2023 and January 2024. Cons. Class Action Compl. [D.E. 29], ¶ 73.

Thus, none of the three named Plaintiffs allege receiving any text message from Blackstone **within 14 months of filing** the Consolidated Class Action Complaint. Because of the lack of any text message from Blackstone for this extended period of time, none of Plaintiffs has plausibly alleged a "real and immediate" threat of future harm, and none of Plaintiffs has Article III standing to pursue injunctive or declaratory relief in this case. Accordingly, Plaintiffs' requests for injunctive and declaratory relief must be dismissed under Rule 12(b)(1) because the Court lacks jurisdiction to hear the issue.

**C. Plaintiffs are not entitled to declaratory relief because it is redundant to Plaintiffs' claim for damages.**

Even if Plaintiffs sufficiently alleged an "actual controversy" to support their request for declaratory relief (which they have not), the Court should exercise its discretion to dismiss the requests for declaratory relief because they are duplicative of Plaintiffs' requests for monetary relief. "This Court has discretion to decline to hear a declaratory judgment action even if it considers the action justiciable. In this district, courts commonly exercise [their] discretion where the claim for declaratory judgment substantially overlaps with Plaintiff's substantive claims." *Cohn*, 130 F. Supp. 3d at 1205. "A declaratory judgment that adds nothing to the plaintiffs' claims for monetary damages for the same violations serves no purpose." *House of Brides, Inc. v. Alfred Angelo, Inc.*, 163 F. Supp. 3d 534, 547 (N.D. Ill. 2016).

Here, Plaintiffs' substantive claims relate to Blackstone's alleged violations of the TCPA.[3] The TCPA provides for monetary relief when a plaintiff proves a violation. However, Plaintiffs seek the following declaratory relief on the identical issues that would entitle them to monetary relief:

> Defendant violated the TCPA; Defendant initiated more than one telephone solicitation text and/or call to telephone numbers belonging to Plaintiff Steidinger and members of the Class within a 12-month period despite the fact that Plaintiff Steidinger and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

Cons. Class Action Compl. [D.E. 29], ¶ 115.

> Defendant knowingly and/or willfully violated the TCPA; Defendant knowingly and/or willfully initiated more than one telephone solicitation text message and/or call to telephone numbers belonging to Plaintiff Steidinger and members of the Class within a 12-month period despite the fact that Plaintiff Steidinger and other Do Not Call Registry class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

Cons. Class Action Compl. [D.E. 29], ¶ 121.

> Defendant initiated more than one telephone telemarketing text message and/or call to telephone numbers belonging to Plaintiffs and members of the Class within a 12- month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

Cons. Class Action Compl. [D.E. 29], ¶ 131.

> Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiffs and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made. It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone

---

[3] Plaintiffs do not seek declaratory relief relating to Count V for violation of the FTSA.

numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

Cons. Class Action Compl. [D.E. 29], ¶ 138.

None of the above declarations add anything to Plaintiffs substantive claims for monetary relief. Rather, "once the merits of the [TCPA] claim … are adjudicated, the substantive issues will be resolved, and there is nothing to be gained — and certainly nothing the plaintiff identifies — by entering duplicative [declaratory] relief." *See House of Brides*, 163 F. Supp. 3d at 547–48. Accordingly, the Court should exercise its discretion to dismiss Plaintiffs' request for declaratory relief as duplicative of its request for monetary relief.

## CONCLUSION

For all the above-stated reasons, the Court should grant Blackstone's Motion to Dismiss Counts I–IV of the Consolidated Class Action Complaint.

WHEREFORE, Defendant, Blackstone Medical Services, LLC, respectfully requests an order dismissing Counts I–IV of the Consolidated Class Action Complaint, dismissing Plaintiff's claims for injunctive and declaratory relief, and awarding any other relief deemed necessary and just under the circumstances.

Date: May 13, 2025

Respectfully submitted,

    /s/ John P. Heil, Jr.
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL 61602
(309) 676-0400

John P. Heil, Jr. (IL ARDC #6237286)
jheil@heylroyster.com
Samuel J. Perkins (IL ARDC #6321283)
sperkins@heylroyster.com

- and -

GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
(561) 655-1980

Traci H. Rollins, Esq.
Florida Bar No. 769071
trollins@gunster.com
crossodivita@gunster.com
eservice@gunster.com
Ryan C. Childress, Esq.
Florida Bar No. 1049623
rchildress@gunster.com
mmargolese@gunster.com

*Attorneys for Defendant*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on May 13, 2025 I caused to be electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification to all registered CM/ECF participants:

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
(800) 400-6808
Abbas Kazerounian, Esq.
ak@kazlg.com
Ryan L. McBride, Esq.
ryan@kazlg.com

*Attorneys for Joseph Jones, and Interim Lead Class Counsel*

LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
(203) 653-2250
Sergi Lemberg, Esq.
slemberg@lemberglaw.com

*Attorney for Seth Steidinger and Natasha Koller*

SCOTT D. OWENS, P.A.
2750 North 29th Avenue, Suite 209A
Hollywood, FL 33020
(954) 589-0588
Scott D. Owens, Esq.
scott@csottdowens.com

*Attorney for Seth Steidinger and Natasha Koller*

THE CONSUMER RIGHTS LAW GROUP, PLLC
P.O. Box 5326
Sun City Center, FL 33571
(813) 413-5710
Kimberly H. Wochholz, Esq.
kim@consumerrightslawgroup.com

*Attorney for Seth Steidinger and Natasha Koller*

        <u> /s/ John P. Heil, Jr. </u>

45773331.2