**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| Joseph Jones, Seth Steidinger and Natasha Koller, *on behalf of themselves and all others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-01074-JEH-RLH |
| Blackstone Medical Services, LLC, | ) ) | |
| Defendant. | ) | |

**BLACKSTONE'S ANSWER TO COUNT V
OF THE CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant, Blackstone Medical Services, LLC ("Blackstone"), by and through its undersigned attorneys, hereby serves its Answer to Count V of the Consolidated Class Action Complaint, filed by Plaintiffs, Joseph Jones ("Jones"), Seth Steidinger ("Steidinger"), and Natasha Koller ("Koller") (collectively, "Plaintiffs"), and in support states:

**Prefatory note:** To the extent Plaintiffs make allegations solely relating to the Telephone Consumer Protection Act ("TCPA") and not the Florida Telephone Solicitation Act ("FTSA"), no response is required at this time. Blackstone filed a Motion to Dismiss Counts I–IV of the Consolidated Class Action Complaint ("Motion to Dismiss") [D.E. 32], directed at each of Plaintiffs' TCPA claims. Thus, only an answer to allegations relating to the FTSA claim (Count V) is required at this time.

**I. INTRODUCTION**

1. Admitted that Plaintiffs style this action as a class action. Denied that any alleged class should be certified. Admitted that Blackstone sent text messages to Plaintiffs. Denied that those text messages violated the FTSA. To the extent Plaintiff alleges that

Blackstone violated the TCPA, each TCPA claim (Counts I–IV) is subject to Blackstone's Motion to Dismiss [D.E. 32], so no response is required at this time. Otherwise, denied.

2. Admitted that Blackstone sells at-home sleep tests to patients whose doctors prescribed such a sleep test. Admitted that Blackstone employs people who sell at-home sleep test to patients whose doctors prescribed such a sleep test. Denied that Blackstone operates an "aggressive telemarketing campaign." To the extent Plaintiff alleges that Blackstone violated the TCPA as it relates to the "National Do-Not-Call Registry," those TCPA claims (Counts I–II) are subject to Blackstone's Motion to Dismiss [D.E. 32], so no response is required at this time. Otherwise, denied.

3. This allegation relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

4. Admitted that Blackstone sent Koller a text message, and that Koller sent a text message containing the word "STOP." Denied that Blackstone's text message was a "solicitation text message" or "telemarketing text message."

5. Denied.

6. To the extent Plaintiff cites reviews on Yelp, without knowledge, so denied. Admitted that Jones and Koller seek to certify an "FTSA Class," but denied that any class should be certified. To the extent that Plaintiffs reference the proposed TCPA classes, no response is required at this time because all of Plaintiffs' TCPA claims are subject to Blackstone's Motion to Dismiss [D.E. 32].

## II. JURISDICTION

7. Admitted that this Court has subject-matter jurisdiction over the TCPA claims (Counts I–IV). Otherwise, denied.

8. Denied that this Court has supplemental jurisdiction to hear claims under the FTSA (Count V). All federal causes of action under the TCPA are subject to dismissal (*see* Motion to Dismiss [D.E. 32]), and thus, the Court cannot exert supplemental jurisdiction over a cause of action arising under the laws of the State of Florida. In the alternative, Defendant lacks sufficient information as to the citizenship of the parties as necessary to determine whether diversity of citizenship jurisdiction exists between Plaintiffs and Defendant and/or whether the amount in controversy exceeds the jurisdictional minimum for class actions, as set forth in 28 U.S.C. Sec. 1332 *et. seq*.

9. Admitted that the Court has personal jurisdiction over Blackstone. Otherwise, without knowledge, so denied.

## III. PARTIES

10. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

11. Without knowledge, so denied.

12. Without knowledge, so denied.

13. Admitted.

**OVERVIEW OF THE TCPA AND THE FTSA**

14. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

15. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

16. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

17. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

18. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

19. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

20. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

21. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

22. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

23. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

24. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

25. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

26. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

27. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

## IV.     THE NATIONAL DO-NOT-CALL REGISTRY

28.     This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

29.     This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

30.     This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

31.     This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

32.     This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

## V. PLAINTIFF JONES'S FACTUAL ALLEGATIONS

33.     Without knowledge, so denied.

34.     Denied.

35.     Admitted that Jones texted the word "No" at some point in time. Admitted that Blackstone sent the message "May I know the reason" at some point in time. Otherwise, denied.

36.     Admitted that Jones texted the word "Stop" at some point in time. Otherwise, without knowledge, so denied.

37. Admitted that Jones texted the word "Stop" at some point in time. Otherwise, denied.

38. Denied.

39. Without knowledge, so denied.

40. Without knowledge, so denied.

41. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

42. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

43. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

44. Denied.

45. Without knowledge, so denied.

46. Admitted that text messages originated from Blackstone's SMS numbers, but deny that they are telephone numbers.

47. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

48. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

49. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

50. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

## VI.    PLAINTIFF STEIDINGER'S FACTUAL ALLEGATIONS

51.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

52.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

53.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

54.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

55.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

56.    This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss

[D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

57. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

58. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

59. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

60. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

61. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

62. This paragraph relates only to the allegations of Steidinger, not Jones or Koller. Because Steidinger raises only TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

## PLAINTIFF KOLLER'S FACTUAL ALLEGATIONS

63. Without knowledge, so denied.

64. Without knowledge, so denied.

65. Denied.

66. Admitted.

67. Without knowledge, so denied.

68. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

69. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

70. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

71. Denied.

72. Denied.

73. Admitted that Blackstone sent text messages to Koller. Admitted that Koller sent the word "Stop" at some point in time. Admitted that Blackstone has not sent any text message to Koller in the past 16 months. Otherwise, denied.

74. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

75. Admitted that Blackstone sent text messages to Koller. Otherwise, denied.

76. Without knowledge, so denied.

77. Without knowledge, so denied.

78. Without knowledge, so denied.

79. Without knowledge, so denied.

80. Denied.

81. To the extent this paragraph alleges "telemarketing text messages" were sent, this paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

82. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

83. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

84. Without knowledge, so denied.

85. Admitted that Blackstone maintains transmission reports for some text messages. Otherwise, denied.

86. Admitted that Blackstone maintains transmission reports for some text messages. Otherwise, denied.

87. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

88. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

89. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

90. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

91. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

## VII. CLASS ACTION ALLEGATIONS

### A. The Class

92. Admitted that Plaintiffs style this action as a class action. Denied that any alleged class should be certified.

93. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

94. This paragraph relates only to the TCPA claims—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, no response is required at this time. To the extent any response is required, denied.

95. Denied that any alleged class should be certified.

96. Denied that any alleged class should be certified.

### B. Numerosity

97. Admitted that Blackstone is a provider of home sleep tests. Otherwise, denied.

98. Denied.

99. To the extent this paragraph alleges "telemarketing messages" were sent, this paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

100. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

101. Denied.

### C. Common Questions of Law and Fact

102. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

103. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

### D. Typicality

104. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

### E. Protecting the Interests of the Class Members

105. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

### F. Proceeding Via Class Action is Superior and Advisable

106. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

### COUNT I

**NEGLIGENT VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c)(2))**
**On Behalf of Plaintiff Steidinger and the Do Not Call Registry Class**

107. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

108. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

109. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

110. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

111. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

112. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

113. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

114. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

115. This Count I is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

## COUNT II

**WILLFUL VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c)(2))**
**On Behalf of Plaintiff Steidinger and the Do Not Call Registry Class**

116. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

117. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

118. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

119. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

120. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

121. This Count II is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

## COUNT III

### NEGLIGENT VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(d) et seq.)
### On Behalf of Plaintiffs and the Internal Do Not Call List Class

122. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

123. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

124. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

125. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

126. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

127. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

128. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

129. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

130. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

131. This Count III is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

## COUNT IV

### WILLFUL VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(d) et seq.)
### On Behalf of Plaintiffs and the Internal Do Not Call List Class

132. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

133. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

134. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

135. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

136. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

137. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

138. This Count IV is a TCPA claim—subject to Blackstone's Motion to Dismiss [D.E. 32]—and not the FTSA claim, so no response is required at this time. To the extent any response is required, denied.

### COUNT V
### NEGLIGENT AND WILLFUL VIOLATIONS OF THE FTSA, FLA. STAT. § 501.059(5)
### On Behalf of Plaintiffs Jones, Koller, and the FTSA Class

139. Blackstone incorporates its responses to the above paragraphs and incorporates them herein by reference.

140. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

141. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

142. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

143. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

144. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

145. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

146. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

147. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

148. Without knowledge, so denied.

149. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, denied.

150. This paragraph contains only legal conclusions, to which no response is required. To the extent any response is required, without knowledge, so denied.

151. Denied.

152. Denied.

## VIII.     PRAYER FOR RELIEF

Denied that any class should be certified. Denied that Plaintiffs are entitled to judgment or any relief. Otherwise, denied.

## **<u>DEFENSES TO COUNT V</u>**

Without admitting any of the allegations contained in the Complaint, except as set forth above, and without admitting or acknowledging that EMSI bears any burden of proof as to any of the allegations contained in the Complaint, EMSI asserts the affirmative and separate defenses listed below but does not undertake any obligation or burden of proof with respect to any such defense not imposed on it by law. EMSI intends to rely upon any other defenses that become available or apparent during pretrial proceedings and/or discovery in this action. EMSI hereby reserves the right to amend this Answer to assert any such further defenses.

1.     The court lacks subject-matter jurisdiction over Count V. As alleged, the Court's subject-matter jurisdiction arises from Plaintiffs allegations under the TCPA. However, Plaintiffs' TCPA claims are subject to dismissal. Motion to Dismiss [D.E. 32]. Until the Motion to Dismiss is resolved, the Court cannot exert supplemental jurisdiction over Plaintiffs' FTSA claims under 28 U.S.C. § 1367.

2.     Each Plaintiff's claim is barred because Blackstone is not a "telephone solicitor," as defined by the FTSA.

3.     Each Plaintiff's claim is barred because Blackstone did not make any "telephonic sales calls," as defined by the FTSA.

4.     Each Plaintiff's claim is barred, in whole or in part, because the text messages were sent to each Plaintiff with that Plaintiff's prior express permission, invitation, or consent, transmitted to Blackstone via each Plaintiff's prescribing physician.

5.      Each Plaintiff's claim is barred for each message received before each Plaintiff proves they "communicated to [Blackstone] that he or she does not wish to receive an outbound telephone call." § 501.059(5), Fla. Stat.

6.      Each Plaintiff's claim is barred to the extent that each fails to prove they are the "regular user of the telephone number" that allegedly received text messages from Blackstone.

7.      Each Plaintiff's claim is barred to the extent they were not "actual or prospective purchasers" of Blackstone's at-home sleep tests.

8.      Each Plaintiff's claim is barred because Blackstone possessed a good-faith belief that it was not committing any wrongdoing, and any violations of the FTSA resulted from a bona fide error, despite reasonable practices to prevent such violations.

9.      Each Plaintiff's claim for increased damages under § 501.059(10)(b) because Blackstone did not willfully or knowingly violate the FTSA.

10.     The Complaint is barred in whole or in part because Plaintiff and the putative class members cannot satisfy the class certification requirements of numerosity, predominance, typicality, and commonality, or the other requirements as required to sustain a class under Florida Rule of Civil Procedure 1.220.

11.     The Complaint is barred, in whole or in part, because the statutory damages provision of the FTSA, which provides for statutory damages of $500 for each violation of the FTSA, and for $1,500 for each intentional violation, regardless of whether each Plaintiff suffered any actual injury, violates the Due Process Clause under the Fifth and the Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and

liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by each Plaintiff and the alleged class members.

WHEREFORE, Defendant Blackstone Medical Services, LLC respectfully requests that this Court enter judgment in its favor against Plaintiff of the Consolidated Class Action Complaint, Count V, and awarding any other relief deemed necessary and just under the circumstances.

Date: May 27, 2025

Respectfully submitted,

/s/ John P. Heil, Jr.

**HEYL, ROYSTER, VOELKER & ALLEN, P.C.**
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL 61602
(309) 676-0400

**John P. Heil, Jr.**
IL ARDC #6237286
jheil@heylroyster.com

**Samuel J. Perkins**
IL ARDC #6321283
sperkins@heylroyster.com

- and -

**GUNSTER, YOAKLEY & STEWART, P.A.**
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
(561) 655-1980

**Traci H. Rollins**
Florida Bar No. 769071
trollins@gunster.com
crossodivita@gunster.com
eservice@gunster.com
**Ryan C. Childress**
Florida Bar No. 1049623
rchildress@gunster.com
mmargolese@gunster.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel on the below Service List.

| | |
|---|---|
| **Kazerouni Law Group, APC**<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA 92626<br>(800) 400-6808<br>**Abbas Kazerounian, Esq.**<br>ak@kazlg.com<br>**Ryan L. McBride, Esq.**<br>ryan@kazlg.com<br><br>*Attorneys for Joseph Jones, and Interim Lead Class Counsel* | **LEMBERG LAW, LLC**<br>43 Danbury Road, 3rd Floor<br>Wilton, CT 06897<br>(203) 653-2250<br>**Sergei Lemberg, Esq.**<br>slemberg@lemberglaw.com<br><br>*Attorney for Seth Steidinger and Natasha Koller* |
| **SCOTT D. OWENS, P.A.**<br>2750 North 29th Avenue, Suite 209A<br>Hollywood, FL 33020<br>(954) 589-0588<br>**Scott D. Owens, Esq**.<br>scott@csottdowens.com<br><br>*Attorney for Seth Steidinger and Natasha Koller* | **THE CONSUMER RIGHTS LAW GROUP, PLLC**<br>P.O. Box 5326<br>Sun City Center, FL 33571<br>(813) 413-5710<br>**Kimberly H. Wochholz, Esq.**<br>kim@consumerrightslawgroup.com<br><br>*Attorney for Seth Steidinger and Natasha Koller* |

/s/      John P. Heil, Jr.