UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Joseph Jones, Seth Steidinger and Natasha Koller, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>Blackstone Medical Services, LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>: Case No. 24-cv-01074<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>Joint Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d)</u>**

Plaintiffs Joseph Jones ("Plaintiff Jones"), Seth Steidinger ("Plaintiff Steidinger") and Natasha Koller ("Plaintiff Koller") (the "Plaintiffs"), together with Defendant Blackstone Medical Services, LLC ("Defendant") (collectively, the "Parties"), hereby submit this Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d).

On July 21, 2025, the Court granted Defendant's Motion to Dismiss, "finding that Plaintiffs' TCPA claims must be dismissed" with "no federal claims remain[ing] in this case." (D. 37 at ECF p. 12). Accordingly, the Court "decline[d] to exercise supplemental jurisdiction over Plaintiffs' remaining claim under the FTSA." *Id*. Although the Court dismissed the federal claims, it did so *without prejudice* and provided twenty-one (21) days to file an amended complaint. *Id*. On August 11, 2025, Plaintiffs filed their Notice of Appeal. (D. 38). Pursuant to the Court's Order granting dismissal and the Order[1] of the United States Court of Appeals for the Seventh Circuit,

---

[1] *Steidinger, et al. v. Blackstone Medical Services*, No. 25-2398 (Order, D. 2 ("both appellants and appellee shall file, on or before August 20, 2025, a statement advising the court whether they will request in the district court that judgment be set out in a separate document.")

the Parties request that final judgment be entered such that Plaintiffs' (appellants') appeal may proceed.

To proceed with the appeal, the time to file a notice of appeal depends on whether Rule 58 requires a separate document for entry of judgment. *See Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009). Under Fed. R. Civ. P. 58(d), "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Rule 58(a) does not provide an exception to the separate document requirement for Motions to Dismiss. *See* Fed. R. Civ. P. 58(a). As such, "judgment is entered for [Appellate] Rule 4 purposes when the judgment is entered in the civil docket and the earlier of these events occur: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order…" *Perry*, 585 F.3d at 361. The Seventh Circuit has stated that "if the court has not entered a proper Rule 58 judgment on a separate document, the parties should ask the court to do so." *Id*. at 362.

Here, the Parties request a separate document entering judgment pursuant to Fed. R. Civ. P. 58(d) to move forward with the appeal in a timely manner. When the Court dismissed the federal claims, it effectively foreclosed the gravamen of Plaintiffs' Consolidated Class Action Complaint which centered on alleged text messages received in violation of the Telephone Consumer Protection Act. (D. 37). As such, Plaintiffs agree to treating the Court's Order dismissing the federal claims as a dismissal with prejudice, and the parties jointly request the Court issue a Rule 58 judgment in separate document to resolve any doubts as to appellate jurisdiction.

Based on the foregoing, the Parties request entry of judgment pursuant to Fed. R. Civ. P. 58(d).

Dated: August 20 , 2025                                        Respectfully submitted,

By  */s/ Abbas Kazerounian*
Abbas Kazerounian, Esq.
ak@kazlg.com
Ryan L. McBride, Esq.
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Ave Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Lead Interim Class Counsel*


*/s/ John P. Heil, Jr.*
John P. Heil, Jr.
jheil@heylroyster.com
HEYL ROYSTER VOELKER & ALLEN
300 Hamilton Blvd., St. 200
Peoria, IL 61602
Telephone: (309) 676-0400

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the ECF system which gave notice of such filing to all parties of record.

*/s/ Abbas Kazerounian*
Abbas Kazerounian

3